Antonio Nathaniel BONHAM, Appellant,

v.

The STATE of Texas, Appellee.

No. 68928.

Court of Criminal Appeals of Texas, En Banc.

Jan. 18, 1983.

Robert A. Shults, Kristine C. Woldy, Houston, for appellant.

John B. Holmes, Jr., Dist. Atty., Winston E. Cochran, Jr., Russell Hardin and Wilford Anderson, Asst. Dist. Attys., Houston, Robert Huttash, State's Atty., and Alfred Walker, Asst. State's Atty., Austin, for the State.

## OPINION

ONION, Presiding Judge.

This is an appeal from a conviction for capital murder. V.T.C.A., Penal Code, § 19.03. Punishment was assessed at death.

The capital murder indictment contained two paragraphs. The first alleged the appellant intentionally caused the death of the deceased by driving an automobile over her body while in the course of committing and attempting to commit aggravated robbery of the deceased. The second alleged that appellant intentionally caused the death of the deceased by driving an automobile over the deceased's body while in the course of committing and attempting to commit the aggravated rape of the deceased.

The court submitted only the first paragraph of the indictment to the jury at the guilt stage of the trial, and the jury found the appellant guilty thereof. After the jury affirmatively answered the special issues submitted pursuant to Article 37.071, V.A.C.C.P., at the penalty stage of the trial, the trial court assessed punishment at death. See V.T.C.A., Penal Code, § 12.31. The case is here as a direct appeal.

At the outset on appeal we are confronted with appellant's initial ground of error. Therein appellant contends that his written confession or statement was improperly admitted into evidence as it was not voluntarily given but was the product of psychological coercion, deceit, fraud and trickery on the part of Detective Schultz. He contends that this was in violation of the Fifth, Sixth and Fourteenth Amendments of the United States Constitution and Article I, § 10 of the State Constitution and various statutory provisions.

The record shows that appellant was awakened at his father's house about 2 or 3 a.m. by police officers who had weapons pointed at his head. Appellant had smoked marihuana prior to going to sleep. Appellant was told about the discovery of fingerprints on the car in question and keys which matched locks at his mother's house and his sister's house. He was taken to the police station and discussed the case with officers and later gave a written confession. This confession, which was introduced into evidence, was the most damaging evidence against him.

Appellant argues, inter alia, that Detective Schultz induced the written confession by promising him a life sentence rather than the death penalty if he gave a written confession, and deceived him into believing that after their oral conversation it wouldn't make any difference if he made a written confession but it would give him an opportunity "to put down his side of what he wanted to put down as to what took place out there."

The court conducted a separate hearing in the jury's absence as to the voluntariness and hence admissibility of appellant's confession. See Article 38.22, § 6, V.A.C.C.P., and *Jackson v. Denno*, 378 U.S. 368, 84 S.Ct. 1774, 12 L.Ed.2d 908 (1964). At the hearing there was a conflict between Detective Schultz's version concerning the facts surrounding the taking of the confession and appellant's version thereof. Schultz stated appellant said he did not want a lawyer. Appellant related he asked for counsel twice. Appellant testified that Schultz told him that by making a statement he would get a life sentence rather than death. Schultz was not re-called after this testimony. Schultz testified he told appellant after their oral conversation that giving a writ-

ten statement "would make no difference whatsoever," and later testified he had advised it wouldn't make any difference but would permit appellant to "put down his side . . . ."

After the hearing, the trial court orally stated:

"After considering the testimony and the Defense motion to suppress the confession, the Court finds the confession was voluntarily and freely made without compulsion or coercion, threats or promises and State's Exhibit No. 132, the written confession of the Defendant, Antonio Nathanial Bonham, is admissible before the jury."

There was no written order making specific findings of fact or conclusions of law filed among the papers of the cause. The statement above was dictated into the record, was general and conclusory in nature and did not attempt to solve any disputed fact issue, etc.

In *Jackson v. Denno,* supra, the United States Supreme Court wrote:

"It is now axiomatic that a defendant in a criminal case is deprived of due process of law if his conviction is founded, in whole or in part, upon an involuntary confession, without regard for the truth or falsity of the confession, *Rogers v. Richmond,* 365 U.S. 534, 81 S.Ct. 735, 5 L.Ed.2d 760, and even though there is ample evidence aside from the confession to support the conviction. *Malinski v. New York,* 324 U.S. 401, 65 S.Ct. 781, 89 L.Ed. 1029; *Stroble v. California,* 343 U.S. 181, 72 S.Ct. 599, 96 L.Ed. 872; *Payne v. Arkansas,* 356 U.S. 560, 78 S.Ct. 844, 2 L.Ed.2d 975. Equally clear is the defendant's constitutional right at some stage in the proceedings to object to the use of the confession and to have a fair hearing and a reliable determination on the issue of voluntariness, a determination uninfluenced by the truth or falsity of the confession. *Rogers v. Richmond,* supra."

As a constitutional matter, *Jackson v. Denno,* supra, requires that the trial judge's conclusion as to voluntariness must,

at least, appear from the record with unmistakable clarity. *Sims v. Georgia,* 385 U.S. 538, 87 S.Ct. 639, 17 L.Ed.2d 593 (1967).

It is clear from the above that as a matter of federal constitutional procedure binding on the states that there must be a clear-cut and reliable determination in the first instance of the voluntariness of a written confession by the trial court where an objection to its admissibility has been interposed. Cf. *Boles v. Stevenson,* 379 U.S. 43, 85 S.Ct. 174, 13 L.Ed.2d 109 (1964).

Further, there are state statutory provisions relating to the procedure involved.

Article 38.22, § 6, V.A.C.C.P., reads:

"In all cases where a question is raised as to the voluntariness of a statement of an accused, the court must make an independent finding in the absence of the jury as to whether the statement was made under voluntary conditions. *If the statement has been found to have been voluntarily made and held admissible as a matter of law and fact by the court in a hearing in the absence of the jury, the court must enter an order stating its conclusion as to whether or not the statement was voluntarily made, along with the specific finding of facts upon which the conclusion was based, which order shall be filed among the papers of the cause.* Such order shall not be exhibited to the jury nor the finding thereof made known to the jury in any manner. Upon the finding by the judge as a matter of law and fact that the statement was voluntarily made, evidence pertaining to such matter may be submitted to the jury and it shall be instructed that unless the jury believes beyond a reasonable doubt that the statement was voluntarily made, the jury shall not consider such statement for any purpose nor any evidence obtained as a result thereof. In any case where a motion to suppress the statement has been filed and evidence has been submitted to the court on this issue, the court within its discretion may reconsider such evidence in his finding that the statement was voluntarily made and the

same evidence submitted to the court at the hearing on the motion to suppress shall be made a part of the record the same as if it were being presented at the time of trial. However, the state or the defendant shall be entitled to present any new evidence on the issue of the voluntariness of the statement prior to the court's final ruling and order stating its findings." (Emphasis supplied.)

Thus a determination by the trial judge of the voluntariness of an accused's confession prior to its admission into evidence is both a constitutional and statutory requirement and must be made manifest of record. *Jackson v. Denno,* supra; *Sims v. Georgia,* supra; Article 38.22, supra; *McKittrick v. State,* 535 S.W.2d 873 (Tex.Cr.App.1976); *Davis v. State,* 499 S.W.2d 303 (Tex.Cr.App.1973).

The requirements of Article 38.22, supra, are mandatory and require the trial court to file its findings regardless of whether the defendant does or does not object. *McKittrick v. State,* supra, at p. 874; *Simpson v. State,* 603 S.W.2d 862 (Tex.Cr.App.1980).

This court is often faced with appeals where the trial court has made no findings as to the voluntariness of the confession at all, see, e.g., *Davis v. State,* supra, and *Figueroa v. State,* 473 S.W.2d 202 (Tex.Cr.App.1971); *Simpson v. State,* 603 S.W.2d 862 (Tex.Cr.App.1980), or where the findings are insufficient to enable this court to resolve the fact issues upon which the appellant bases his ground of error. See, e.g., *McKittrick v. State,* supra; *Hester v. State,* 535 S.W.2d 354 (Tex.Cr.App.1976); *Quinn v. State,* 558 S.W.2d 10 (Tex.Cr.App.1977).

In Hester, supra, this court stated:

"While the cold record is before us in its entirety, it remains but a cold record. It is the trial court that is charged with finding the facts and applying the law. Art. 38.22, Sec. 2, V.A.C.C.P., requires the trial court to enter an order stating its findings. On appeal challenges to the trial court's ruling generally should be

directed to whether the trial court abused its discretion in one of its findings of fact or to whether the trial court properly applied the law to those facts found by it. This Court is not the proper forum for the initial fact-finding process, but should restrict its review of the facts to any issues raised in challenge to the trial court's findings. Without adequate findings of fact this Court is much handicapped in its review upon appeal of the trial court's ruling, because it lacks an adequate record of the basis for that ruling . . . . "

One purpose for requiring the trial court to enter his order as to findings of facts and conclusions of law is to make the record reflect for the parties and for possible appellate review the basis of the ruling.

The oral statement of the court in the instant case is not in compliance with Article 38.22, supra, and does not resolve the disputed fact issues upon one of the grounds of error urged in this capital murder case in which the ultimate penalty was imposed. In the condition of the present record this court is unable to properly review one of appellant's contentions on appeal.

In the instant case we abate the appeal and direct the trial judge to reduce to writing his findings of fact and conclusions of law on the disputed fact issues surrounding the taking of appellant's confession raised in the aforementioned ground of error,[1] and to file such findings and conclusions with this court. The trial judge, in performing this belated statutory duty, may review the appellate brief, the transcription of the court reporter's notes, etc., in making his findings of facts.

The appeal is abated.

---

1. The disputed fact issues mentioned earlier are not to be taken as exclusive. There well may be other issues to be resolved.