COURT
OF APPEALS
SECOND
DISTRICT OF TEXAS
FORT WORTH
NO. 2-01-504-CR
 
JOSHUA ALLEN SAMPLE           
           
           
           
           
       APPELLANT
V.
THE STATE OF TEXAS           
           
           
           
           
           
STATE
------------
FROM THE 367TH DISTRICT COURT OF DENTON COUNTY
------------
MEMORANDUM OPINION(1)
------------
Appellant entered a non-negotiated plea of
guilty to three counts of aggravated sexual assault and two counts of indecency
with a child. A jury assessed his punishment at 99 years' confinement and a fine
of $10,000 for each of the three counts of aggravated sexual assault, and 20
years' confinement and a fine of $10,000 for each of the two counts of indecency
with a child. In two points on appeal, Appellant claims the trial court erred in
overruling his motion to suppress his oral statement(2)
and he received ineffective assistance of counsel at the punishment hearing. We
affirm.
Motion to suppress oral statement
Prior to entry of Appellant's guilty plea,
the trial court held a hearing on Appellant's written motion to suppress his
audio statement; Appellant claimed the statement was involuntary. The trial
court denied Appellant's motion.(3) Appellant
then entered his guilty plea and a jury was chosen to determine punishment.
During the punishment hearing, the State sought to introduce the audio tape of
Appellant's statement, and Appellant's counsel stated: "I have reviewed it,
Judge. I have no objection." When the State sought to distribute to the
jury a written transcription of the audio tape, Appellant's counsel stated:
"That's fine, Your Honor. No objection."
The State now asserts that because
Appellant affirmatively stated he had no objection to the introduction of the
audio tape and the distribution of the transcript to the jury, Appellant has
waived any error regarding the denial of his pre-trial motion to suppress the
statement. It is well-settled that when a pre-trial motion to suppress evidence
is overruled, the accused need not subsequently object to the admission of the
same evidence at trial in order to preserve error. Gearing v. State,
685 S.W.2d 326, 329 (Tex. Crim. App. 1985) (op. on reh'g), overruled on
other grounds by Woods v. State, 956 S.W.2d 33, 38 (Tex. Crim. App. 1997).
However, when an accused affirmatively asserts during trial that he has "no
objection" to the admission of the complained of evidence, he waives any
error in the admission of the evidence despite a pretrial ruling. Dean v.
State, 749 S.W.2d 80, 82-83 (Tex. Crim. App. 1988). We hold the alleged
error is waived, and we overrule Appellant's first point.
Ineffective Assistance of Counsel
In his second point, Appellant claims his
counsel was ineffective for failing to object to an argument the prosecutor made
to the court when the parties were discussing the State's motion to
"stack" the five sentences. In arguing the motion, the prosecutor
said:
Mr. Sample has indicated to the jury and
to the Court his desire to have 12 jurors determine his fate, and that is what
happened. In my discussions with the majority of the 12 jurors after the verdict
was done, they indicated to the State that they never wanted Mr. Sample to come
out of prison. They indicated to the State their desire to have the motion
granted or that the punishment be consecutive, and that is indeed the State's
position.
The trial court granted the State's motion
in part; the court ordered that the three sentences for aggravated sexual
assault were to be served consecutively, but the two sentences for indecency
with a child were to be served concurrently. Appellant complains that when his
counsel failed to object to the State's argument, the State was
"essentially allowed to put on inadmissible testimony without even the
benefit of cross-examining that testimony."
We apply a two-pronged test to ineffective
assistance of counsel claims. Strickland v. Washington, 466 U.S. 668,
687, 104 S. Ct. 2052, 2064 (1984); Thompson v. State, 9 S.W.3d 808, 812
(Tex. Crim. App. 1999). First, Appellant must show that his counsel's
performance was deficient; second, Appellant must show the deficient performance
prejudiced the defense. Strickland, 466 U.S. at 687, 104 S. Ct. at
2064; Hernandez v. State, 988 S.W.2d 770, 770 (Tex. Crim. App. 1999).
In evaluating the effectiveness of counsel
under the first prong, we look to the totality of the representation and the
particular circumstances of each case. Thompson, 9 S.W.3d at 813. The
issue is whether counsel's assistance was reasonable under all the circumstances
and prevailing professional norms at the time of the alleged error. Strickland,
466 U.S. at 688-89, 104 S. Ct. at 2065. "[C]ounsel is strongly presumed to
have rendered adequate assistance and made all significant decisions in the
exercise of reasonable professional judgment." Id. at 690, 104 S.
Ct. at 2066. An allegation of ineffective assistance must be firmly founded in
the record, and the record must affirmatively demonstrate the alleged
ineffectiveness. Thompson, 9 S.W.3d at 814. Our scrutiny of counsel's
performance must be highly deferential, and every effort must be made to
eliminate the distorting effects of hindsight. Strickland, 466 U.S. at
689, 104 S. Ct. at 2065.
The second prong of Strickland
requires a showing that counsel's errors were so serious that they deprived the
defendant of a fair trial, i.e., a trial whose result is reliable. Id. at
687, 104 S. Ct. at 2064. In other words, Appellant must show there is a
reasonable probability that, but for counsel's unprofessional errors, the result
of the proceeding would have been different. Id. at 694, 104 S. Ct. at
2068. A reasonable probability is a probability sufficient to undermine
confidence in the outcome. Id. The ultimate focus of our inquiry must
be on the fundamental fairness of the proceeding whose result is being
challenged. Id. at 697, 104 S. Ct. at 2070. Generally, an isolated
failure to object to certain improper evidence or argument does not constitute
ineffective assistance of counsel. Ingham v. State, 679 S.W.2d 503, 509
(Tex. Crim. App. 1984).
The trial court in this case indicated its
ruling on the State's motion was based upon Appellant's "plea and the
evidence in support of that plea and the jury's verdict." The court heard
the Appellant's trial testimony that he lived with the nine-year-old victim and
the victim's mother (with whom Appellant had a romantic relationship), and,
unbeknownst to the mother, Appellant frequently engaged in sexual conduct with
the boy. Appellant admitted he encouraged the victim to bring his same-age
friends over to the house so Appellant could see their penises. In his taped
statement, Appellant stated he craves young kids "all the time." He
clarified: "[I]t's just something you can't control. You've got to help me,
teach me how to control this urge. You know, you don't want it anymore so you
just block it out completely." He further explained: "It's just like
how -- how can you try to stop yourself from something that naturally wants to
happen, and then, you know, how long can you possibly go without doing
anything."
In making its ruling on the State's motion
to stack Appellant's sentences, the trial court stated its "concern"
that based upon the testimony of the counselor at the jail, the court did not
believe that either the counselor or the court knew Appellant's
"potential," and Appellant's "potential is what is the overriding
factor in my opinion. And I've got to be sure that your potential is not
realized. That is my responsibility." There is no indication that the
complained of argument by the State had any effect upon the court's decision to
order that the sentences in the aggravated sexual assault cases be served
consecutively. Accordingly, we hold that Appellant has not shown there is a
reasonable probability that, but for the alleged error, if any, the result of
the proceeding would have been different. We overrule Appellant's second point. 
Conclusion
Having overruled both of Appellant's
points, we affirm the judgment of the trial court.
PER CURIAM
 
PANEL F: HOLMAN, J.; CAYCE, C.J.; and
WALKER, J.
DO NOT PUBLISH
Tex. R. App. P. 47.2(b)
[DELIVERED FEBRUARY 20, 2003]

1. See Tex. R. App. P. 47.4.
2. Under the Helms rule, a knowing and voluntary
plea of guilty entered without the benefit of a plea bargain waives all
non-jurisdictional defects occurring before the plea only if the judgment is
independent of and not supported by the alleged error on appeal. See Young
v. State, 8 S.W.3d 656, 666-67 (Tex. Crim. App. 2000); Helms v. State,
484 S.W.2d 925, 927 (Tex. Crim. App. 1972). Because the judgment of Appellant's
guilt is dependent upon the alleged error in this instance, we address his
complaint.
3. We previously abated this appeal and remanded the case
to the trial court to make the mandatory written findings regarding the
voluntariness of Appellant's statement. See Tex. Code Crim. Proc. Ann.
art. 38.22, § 6 (Vernon 1979); Bonham v. State, 644 S.W.2d 5, 8 (Tex.
Crim. App. 1983). The appellate record has now been supplemented with the
court's findings.