sample v. state

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-01-504-CR

JOSHUA ALLEN SAMPLE APPELLANT

V.

THE STATE OF TEXAS STATE

------------

FROM THE 367TH DISTRICT COURT OF DENTON COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

Appellant entered a non-negotiated plea of guilty to three counts of aggravated sexual assault and two counts of indecency with a child.  A jury assessed his punishment at 99 years’ confinement and a fine of $10,000 for each of the three counts of aggravated sexual assault, and 20 years’ confinement and a fine of $10,000 for each of the two counts of indecency with a child.  In two points on appeal, Appellant claims the trial court erred in overruling his motion to suppress his oral statement
(footnote: 2) and he received ineffective assistance of counsel at the punishment hearing.  We affirm.

Motion to suppress oral statement
 

Prior to entry of Appellant’s guilty plea, the trial court held a hearing on Appellant’s written motion to suppress his audio statement; Appellant claimed the statement was involuntary.  The trial court denied Appellant’s motion.
(footnote: 3)  Appellant then entered his guilty plea and a jury was chosen to determine punishment.  During the punishment hearing, the State sought to introduce the audio tape of Appellant’s statement, and Appellant’s counsel stated: “I have reviewed it, Judge.  I have no objection.”  When the State sought to distribute to the jury a written transcription of the audio tape, Appellant’s counsel stated: “That’s fine, Your Honor.  No objection.”

The State now asserts that because Appellant affirmatively stated he had no objection to the introduction of the audio tape and the distribution of the transcript to the jury, Appellant has waived any error regarding the denial of his pre-trial motion to suppress the statement.  It is well-settled that when a pre-trial motion to suppress evidence is overruled, the accused need not subsequently object to the admission of the same evidence at trial in order to preserve error.  
Gearing v. State
, 685 S.W.2d 326, 329 (Tex. Crim. App. 1985) (op. on reh’g), 
overruled on other grounds by Woods v. State
, 956 S.W.2d 33, 38 (Tex. Crim. App. 1997).  However, when an accused affirmatively asserts during trial that he has "no objection" to the admission of the complained of evidence, he waives any error in the admission of the evidence despite a pretrial ruling.  
Dean v. State
, 749 S.W.2d 80, 82-83 (Tex. Crim. App. 1988).  We hold the alleged error is waived, and we overrule Appellant’s first point.

Ineffective Assistance of Counsel

In his second point, Appellant claims his counsel was ineffective for failing to object to an argument the prosecutor made to the court when the parties were discussing the State’s motion to “stack” the five sentences.  In arguing the motion, the prosecutor said:

Mr. Sample has indicated to the jury and to the Court his desire to have 12 jurors determine his fate, and that is what happened.  In my discussions with the majority of the 12 jurors after the verdict was done, they indicated to the State that they never wanted Mr. Sample to come out of prison.  They indicated to the State their desire to have the motion granted or that the punishment be consecutive, and that is indeed the State’s position. 

The trial court granted the State’s motion in part; the court ordered that the three sentences for aggravated sexual assault were to be served consecutively, but the two sentences for indecency with a child were to be served concurrently.  Appellant complains that when his counsel failed to object to the State’s argument, the State was “essentially allowed to put on inadmissible testimony without even the benefit of cross-examining that testimony.”

We apply a 
two-pronged test to ineffective assistance of counsel claims.  
Strickland v. Washington
, 466 U.S. 668, 687, 104 S. Ct. 2052, 2064 (1984); 
Thompson v. State
, 9 S.W.3d 808, 812 (Tex. Crim. App. 1999).  First, 
Appellant must show that his counsel's performance was deficient; second, Appellant must show the deficient performance prejudiced the defense.  
Strickland
, 466 U.S. at 687, 104 S. Ct. at 2064; 
Hernandez v. State
, 988 S.W.2d 770, 770 (Tex. Crim. App. 1999).  

In evaluating the effectiveness of counsel under the first prong, we look to the totality of the representation and the particular circumstances of each case.  
Thompson
, 9 S.W.3d at 813.  The issue is whether counsel's assistance was reasonable under all the circumstances and prevailing professional norms at the time of the alleged error.  
Strickland
, 466 U.S. 
at 688-89, 104 S. Ct. at 2065.  "[C]ounsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment."  
Id. 
at 690, 104 S. Ct. at 2066.  An allegation of ineffective assistance must be firmly founded in the record, and the record must affirmatively demonstrate the alleged ineffectiveness.  
Thompson
, 9 S.W.3d at 814.
 
 Our scrutiny of counsel's performance must be highly deferential, and every effort must be made to eliminate the distorting effects of hindsight.  
Strickland
, 466 U.S. at 689, 104 S. Ct. at 2065
.

The second prong of 
Strickland
 requires a showing that counsel's errors were so serious that they deprived the defendant of a fair trial, i.e., a trial whose result is reliable.  
Id. 
at 687, 104 S. Ct. at 2064
.  In other words, Appellant must show there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.  
Id.
 at 694, 104 S. Ct. at 2068
.  A reasonable probability is a probability sufficient to undermine confidence in the outcome.  
Id.
  The ultimate focus of our inquiry must be on the fundamental fairness of the proceeding whose result is being challenged.  
Id.
 at 697, 104 S. Ct. at 2070.  Generally, an isolated failure to object to certain improper evidence or argument does not constitute ineffective assistance of counsel.  
Ingham v. State
, 679 S.W.2d 503, 509 (Tex. Crim. App. 1984).  

The trial court in this case indicated its ruling on the State’s motion was based upon Appellant’s “plea and the evidence in support of that plea and the jury’s verdict.”  The court heard the Appellant’s trial testimony that he lived with the nine-year-old victim and the victim’s mother (with whom Appellant had a romantic relationship), and, unbeknownst to the mother, Appellant frequently engaged in sexual conduct with the boy.  Appellant admitted he encouraged the victim to bring his same-age friends over to the house so Appellant could see their penises.  In his taped statement, Appellant stated he craves young kids “all the time.”  He clarified:  “[I]t’s just something you can’t control.  You’ve got to help me, teach me how to control this urge.  You know, you don’t want it anymore so you just block it out completely.”  He further explained:  “It’s just like how -- how can you try to stop yourself from something that naturally wants to happen, and then, you know, how long can you possibly go without doing anything.”

In making its ruling on the State’s motion to stack Appellant’s sentences, the trial court stated its “concern” that based upon the testimony of the counselor at the jail, the court did not believe that either the counselor or the court knew Appellant’s “potential,” and Appellant’s “potential is what is the overriding factor in my opinion.  And I’ve got to be sure that your potential is not realized.  That is my responsibility.”  There is no indication that the complained of argument by the State had any effect upon the court’s decision to order that the sentences in the aggravated sexual assault cases be served consecutively.  Accordingly, we hold that Appellant has not shown there is a reasonable probability that, but for the alleged error, if any, the result of the proceeding would have been different.  We overrule Appellant’s second point.
  

Conclusion

Having overruled both of Appellant’s points, we affirm the judgment of the trial court.

PER CURIAM

PANEL F: HOLMAN, J.; CAYCE, C.J.; and WALKER, J.

DO NOT PUBLISH

Tex. R. App. P. 47.2
(b)

[DELIVERED FEBRUARY 20, 2003]

FOOTNOTES
1:
See
 
Tex. R. App. P. 47.4.

2:
Under the 
Helms
 rule, a knowing and voluntary plea of guilty entered without the benefit of a plea bargain waives all non-jurisdictional defects occurring before the plea only if the judgment is independent of and not supported by the alleged error on appeal.  
See Young v. State
, 8 S.W.3d 656, 666-67 (Tex. Crim. App. 2000); 
Helms v. State
, 484 S.W.2d 925, 927 (Tex. Crim. App. 1972).  Because the judgment of Appellant’s guilt is dependent upon the alleged error in this instance, we address his complaint.  

3:
We previously abated this appeal and remanded the case to the trial court to make the mandatory written findings regarding the voluntariness of Appellant’s statement.  
See
 
Tex. Code Crim. Proc. Ann.
 art. 38.22, § 6  (Vernon 1979); 
Bonham v. State
, 644 S.W.2d 5, 8 (Tex. Crim. App. 1983).  The appellate record has now been supplemented with the court’s findings.