Affirmed and Memorandum Opinion filed September 1, 2005









Affirmed and Memorandum Opinion filed September 1,
2005.

 

In The

 

Fourteenth Court of Appeals

____________

 

NO. 14-04-00284-CR

____________

 

FURQAN MOHAMMED, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

 



 

On Appeal from the 179th
District Court

Harris County, Texas

Trial Court Cause No. 928,423

 



 

M E M O R A N D U M   O P I N I O N

Appellant Furqan Mohammed was convicted of aggravated assault
with a deadly weapon.  In two issues,
appellant argues that the trial court erred in (1) admitting photographs of the
complainant=s injuries because they were
cumulative and more prejudicial than probative, and (2) allowing expert
testimony because the State failed to offer a sufficient predicate.  We affirm.








                                                               Background

The complainant, Bridget Mielke, and appellant had recently
ended a relationship and were living in separate residences.  On March 4, 2004, Mielke went to appellant=s house to retrieve some of her
personal belongings.  Appellant told
Mielke her belongings were around the corner, so Mielke drove appellant to a
dead-end road where he said he had dumped her things.  When Mielke got out of the car, appellant
attacked her with his fists and strangled her with a coat hanger until she
passed out in front of her vehicle. 
Mielke awoke sometime later on the ground next to her car.  Her clothes were torn, her shirt and
jacket were off, and she was badly cut around the neck, stomach, and back.  A broken and bloody knife blade was also
found nearby.  Mielke got back into the
car and fired gunshots into the air in hopes of summoning the police, who
arrived shortly thereafter.  Later that
evening, when Detective Tracy Shipley saw appellant, she noticed small cuts on
his hands.  At trial, Detective Shipley
explained the cuts were consistent with cuts one would get from breaking a
knife with bare hands.  Following a jury
trial, appellant was convicted and sentenced to thirty-seven years= imprisonment.

                                                                    Analysis

                                                                   Photographs

 

In his first issue, appellant argues that the trial court
erred by admitting five photographs of Mielke=s injuries.  The State offered photographs of Mielke=s injuries that were taken on the
road where she was found by police and prior to her being treated for her
injuries.  Referencing the photographs of
Mielke=s injuries, Officer Terry Ashabranner
and Detective Shipley testified to the injuries they observed, and they also
used the photographs to characterize the various types of injuries.  Appellant objected to these photographs as
being both cumulative and prejudicial under Rule 403 of the Texas Rules of
Evidence, and the court overruled these objections. 








We review a trial court=s ruling on the admissibility of
photographs for an abuse of discretion.  Paredes
v. State, 129 S.W.3d 530, 539 (Tex. Crim. App. 2004).  An abuse of discretion is only found when the
trial judge=s decision was so clearly wrong as to
lie outside a zone within which reasonable persons might disagree.  Resendiz v. State, 112 S.W.3d
541, 544 (Tex. Crim. App. 2003).  Rule
403 provides that relevant evidence may be excluded if it is cumulative or if
the probative value of the evidence is substantially outweighed by potential
prejudice.  Tex. R. Evid. 403.  For a photograph to be admissible, it must be
helpful to the jury, and if the photograph is helpful, it will only be
inadmissible if the prejudicial aspects substantially outweigh the probative
value of the photograph.  Erazo v.
State, 144 S.W.3d 487, 491B92 (Tex. Crim. App. 2004).  Generally, if verbal testimony concerning the
subject matter of the photographs would be admissible, the photographs will
also be admissible.  Id. at 491.

In Paredes, the Court of Criminal Appeals found
that although photographs of the victims= charred remains were prejudicial,
they were admissible to assist witness testimony that was helpful to the
jury.  129 S.W.3d at 539B40. 
The court noted that the pictures were helpful to the jury because they
were used by a witness to identify the victims and describe the condition of
the victims= bodies when recovered.  Id. at 540.  The court held that because the photographs
were helpful in the guilt determination, the mere goriness of the photographs
would not make them inadmissible because A[a]lthough the photographs are
gruesome, they depict nothing more than the reality of the brutal crime
committed.@  Id. 








Similarly, though the pictures in this case were gruesome,
they were used by witnesses to describe the extent and nature of the injuries
they observed and were therefore helpful to the jury.  For example, Detective Shipley identified the
wounds depicted by the photographs as slicing cuts and explained that slicing
cuts would mean that the perpetrator would not be covered in blood following
the assault.  Furthermore, the
photographs were taken at the scene of the crime and prior to Mielke receiving
medical attention, and therefore they show only her state following the attack.
 As in Paredes, the
photographs show nothing more than the brutal nature of the crime.  Id. 
Therefore, the trial court did not abuse its discretion in determining
the probative value outweighed the prejudicial effect.

Appellant also asserts that the photographs were inadmissible
because they were cumulative.  However,
each photograph showed Mielke=s injuries and body at varying vantage points and were each
used to show something different about her or her injuries that evening.  Due to the numerous angles and injuries each
picture showed and the different facts gleaned from each picture, the trial
court did not abuse its discretion by determining the photographs were not
cumulative.  See Etheridge v. State,
903 S.W.2d 1, 21 (Tex. Crim. App. 1994) (finding multiple autopsy photos were
not cumulative because each showed something necessary to Aclearly illustrate the full extent of
the injuries and the general state of the body@); see also Bacey v. State,
990 S.W.2d 319, 326 (Tex. App.CTexarkana 1999, pet. ref=d) (AWhen there are two or more pictures
that depict the same thing but from different perspectives, the jury can gain
information it might not otherwise have when viewing other pictures from other
perspectives.@).

Finally, appellant argues the exhibits were inadmissible
because the trial court failed to make findings of fact sufficient for
appellate review.  Appellant has failed
to preserve this argument for appeal because he never objected to the trial
court=s failure to make findings of fact.[1]  Tex.
R. App. P. 33.1(a).  Even assuming
no objection was required to preserve this argument, it is without merit
because the trial court is not required to automatically put its Rule 403
analysis on the record.  Williams v.
State, 958 S.W.2d 186, 195 (Tex. Crim. App. 1997) (holding that judge is
presumed to engage in the required balancing test once Rule 403 is invoked); see
also Blondett v. State, 921 S.W.2d 469, 474 (Tex. App.CHouston [14th Dist.] 1996, pet. ref=d). 
We overrule appellant=s first issue.








                                                               Expert
Testimony

In his second issue, appellant argues that the trial court
erred when it overruled appellant=s objection to Detective Shipley=s testimony due to insufficient
predicate.  Detective Shipley testified
that the cuts on appellant=s hands the night of the assault were consistent with the
type of injuries that someone could receive from breaking a knife
barehanded.  Defense counsel objected to
the testimony, saying, A[y]our Honor, I don=t think this witness can testifyB.@ 
Appellant argues that this was expert testimony and that the court erred
when it overruled this objection because the State had not established a proper
predicate for Detective Shipley=s testimony. 

We need not reach the merits of this argument because it was
not properly preserved for appeal.  To
preserve a complaint for review, appellant must have presented a timely
objection with enough specificity to make the trial court aware of the
complaint, unless the grounds were apparent from the context of the objection.  Tex. R.
App. P. 33.1(a).  AAn objection to an improper predicate
that fails to inform the trial court exactly how the predicate is deficient
will not preserve error.@  Gregory v. State,
56 S.W.3d 164, 182 (Tex. App.CHouston [14th Dist.] 2001, pet. dism=d). 
In Penry v. State, the defense counsel made an objection
similar to the one made in this case, stating A[n]o basis for asking the witness
about that, that is not the subject of his testimony.@ 
Penry v. State, 903 S.W.2d 715, 763 (Tex. Crim. App.
1995).  The Court of Criminal Appeals
found that this trial objection did not comport with the argument on appeal
that the witness was not an expert qualified to testify to the issue in
question, and thus this objection did not preserve the issue.  Id. 








In this case, defense counsel=s objection was vague at best,
consisting only of, A[y]our Honor, I don=t think this witness can testifyB.@ 
The State then stated, A[h]ypothetical, Judge,@ and the trial judge overruled the
objection.  The only other objection to
Detective Shipley=s testimony was to relevance. 
At no point did appellant attempt to clarify that he objected based on
predicate, and thus, the trial court was not adequately informed of appellant=s complaint.  Accordingly, we overrule appellant=s second issue.

Having overruled both of appellant=s issues, we affirm the trial court=s judgment.

 

 

 

 

 

/s/      Leslie Brock Yates

Justice

 

Judgment
rendered and Memorandum Opinion filed September 1, 2005.

Panel
consists of Justices Yates, Anderson, and Hudson.

Do
Not Publish C Tex.
R. App. P. 47.2(b).

 

 











[1]  Appellant
asserts that an objection is not necessary to require a clear finding of fact,
citing Green v. State, 906 S.W.2d 937, 939 (Tex. Crim. App. 1995), and Bonham
v. State, 644 S.W.2d 5, 8 (Tex. Crim. App. 1983).  These cases deal with a trial court=s determination regarding the voluntariness of a
confession and are not applicable to a trial court=s ruling on a Rule 403 objection.