Order filed May 3, 2012

 

                                                                       In The

                                                                              

  Eleventh
Court of Appeals

                                                                   __________

 

                                                         No. 11-11-00359-CR 

                                                    __________

 

                                 BRAVITO
GONZALES, Appellant

 

                                                             V.

 

                                      STATE
OF TEXAS, Appellee



 

                                   On Appeal from the 104th
District Court

                                                            Taylor
County, Texas

                                                    Trial
Court Cause No. 17461B

 



 

                                                                     O
R D E R

Bravito
Gonzales has filed in this court a motion requesting the supplementation of the
appellate record, the entry of findings of fact and conclusions of law, and the
abatement of appellant’s briefing due date.  The motion is granted, and the
appeal is abated.  

Reporter’s
Record

The
record shows that appellant filed a motion to suppress evidence obtained as a
result of his arrest.  Appellant asserts that a hearing on his motion to
suppress was held on September 8, 2011, in the 104th District Court of
Taylor County and that the reporter’s record from that hearing has not been
included in the appellate record.  A review of the reporter’s record from the
guilt/innocence phase of trial confirms appellant’s assertion that a hearing
was held on his motion to suppress “in the other Court.”  The court reporter is
instructed to prepare and file in this court on or before May 24, 2012, a
supplemental reporter’s record from the hearing on appellant’s motion to
suppress.  

Findings
and Conclusions

Appellant
also asserts that the trial court failed to enter findings of fact and
conclusions of law with respect to his motion to suppress. In his motion to
suppress, appellant sought to suppress evidence obtained as a result of his
arrest and in violation of his rights, including statements he made to
officers.  When the voluntariness of a statement is challenged, the trial court
is required to make written findings of fact and conclusions of law as to
whether the statement was made voluntarily.  Tex.
Code Crim. Proc. Ann. art. 38.22, § 6 (West 2005).  It is well settled
that the language of Article 38.22, section 6 is mandatory whether or not the
defendant objects to the trial court’s failure to make such findings and
conclusions.  Urias v. State, 155 S.W.3d 141, 142 (Tex. Crim. App.
2004).  The appropriate remedy on appeal is for the appellate court to abate
the appeal so that such findings and conclusions can be properly entered by the
trial court.  Green v. State, 906 S.W.2d 937 (Tex. Crim. App. 1995); see
Bonham v. State, 644 S.W.2d 5, 8 (Tex. Crim. App. 1983).  Accordingly,
we abate the appeal.  The trial court is directed to enter written findings of
fact and conclusions of law regarding appellant’s motion to suppress, and the
trial court clerk is instructed to file in this court a supplemental clerk’s
record containing such findings and conclusions on or before May 24, 2012.  

Appellant’s
motion for supplementation of reporter’s record, findings of fact and
conclusions of law, and abatement of filing deadlines is granted.  This appeal
is abated and will be reinstated upon the filing of the supplemental reporter’s
record and the supplemental clerk’s record.  

 

PER CURIAM

 

May 3, 2012

Do not publish. 
See Tex. R. App. P.
47.2(b).

Panel consists of: Wright, C.J.,

McCall, J., and Kalenak, J.