COURT OF APPEALS FOR THE
FIRST DISTRICT OF TEXAS AT HOUSTON



ORDER

Appellate case name:          Ex parte Felix Ibarra

Appellate case number:        01-16-00313-CR

Trial court case number:      1473893A

Trial court:                  337th District Court of Harris County

Appellant, Felix Ibarra, has filed a notice of appeal of the trial court's order denying his application for a writ of habeas corpus. Appellant has filed a "Motion to Abate" and the State has filed a "Motion to Abate to Clarify Contradictory Fact-findings." We **grant** the motions.

On March 29, 2016, the trial court signed two orders denying appellant's application and signed "Applicant's Proposed Findings of Fact and Conclusions of Law." On April 22, 2016, the trial court signed the "Court's Findings of Fact and Conclusions of Law." In its motion to abate, the State asserts that the two sets of findings are contradictory and requests abatement "to allow the trial court to clarify what its actual findings and conclusions are." In his motion, appellant joins the State's request and requests remand of the case "to the trial court to clarify the findings in the case." Appellant asserts that the record should reflect the participants' understanding of the writ hearing and his "appeal should not be decided on the basis of a finding of fact that is inconsistent with the posture of [his] case before the trial court and the representations of counsel."

Accordingly, we abate the appeal and remand the case for further proceedings. We direct the trial court to clarify its findings of fact and conclusions of law in this proceeding. *See Ex parte Zantos-Cuebas*, 429 S.W.3d 83, 91–92 (Tex. App.—Houston [1st Dist.] 2014, no pet.) (noting written order "disposing of the application must include findings of fact and conclusions of law" and "[e]xpress findings of fact are of particular importance in the article 11.072 context"); *see also Bonham v. State*, 644 S.W.2d 5, 8 (Tex. Crim. App. 1983) ("One purpose for requiring the trial court to enter his order as to

findings of facts and conclusions of law is to make the record reflect for the parties and for possible appellate review the basis of the ruling.").

The trial court clerk is directed to file a supplemental clerk's record containing (1) any additional findings of fact and conclusions of law in conjunction with the ruling on appellant's application for a writ of habeas corpus, and (2) any other orders, findings or recommendations the trial court deems appropriate. The supplemental clerk's record shall be filed with this Court no later than 30 days from the date of this order.

If the trial court conducts a hearing, a representative of the Harris County District Attorney's Office and appellant's counsel, Nicolas Hughes, shall be present. Appellant shall also be present for the hearing in person or, if appellant is incarcerated, at the trial court's discretion, appellant may participate in the hearing by closed-circuit video teleconferencing. The court reporter is directed to file a reporter's record of any hearing within 30 days of the date of this order.

It is so ORDERED.

Judge's signature:  /s/ Russell Lloyd
                    ☑ Acting individually    ☐ Acting for the Court

Date:  July 19, 2016