ACCEPTED
01-15-00506-CR
FIRST COURT OF APPEALS
HOUSTON, TEXAS
10/13/2015 8:40:08 PM
CHRISTOPHER PRINE
CLERK

No. 01-15-00501-CR
No. 01-15-00506-CR

In the First Court of Appeals
At Houston, Texas

FILED IN
1st COURT OF APPEALS
HOUSTON, TEXAS

10/13/2015 8:40:08 PM

CHRISTOPHER A. PRINE
Clerk

# MARCOS JIMENEZ

## vs.

# THE STATE OF TEXAS

On Appeal from the 10th District Court
Of Galveston County, Texas
The Hon. Kerry Neves, Presiding
Trial Nos. 13CR1173 and 13CR1517

## APPELLANT'S BRIEF

Mark W. Stevens
TBN 19184300
PO Box 8118
Galveston, Texas 77553
409.765.6306
Fax 409.765.6469
Email: markwandstev@sbcglobal.net.

ORAL ARGUMENT REQUESTED

## Persons Interested

Appellant Marcos Jimenez previously was a resident of Galveston County, Texas and is presently confined in the Texas Department of Criminal Justice on a sentence of 25 years.

Mark McIntyre was Appellant's counsel at trial.

Mark W. Stevens, of Galveston, Texas, represents Appellant on Appeal.

Gina Gil ore, ADA, represented the State of Texas at trial.

The State is represented on Appeal by Ms. Rebecca Klaren ADA and/or Ms. Allison Lindblade, ADA, of the Appellate Division of the office of Jack Roady, District Attorney of Galveston County, Texas.

# Contents

Persons Interested………………………………………………………………...…2

Contents………………………………………………………………………….3

Authorities…………………………………………………………….…4

Statement of the Case and Procedural Hitory………………………………….…..5

Facts……………………………………………………………………………..6

Summary of the Arguments……………………………………………………6

Issues for Review……………………………………………..………………..6

     Issue 1 Failure to Make Findings under *Jackson v. Denno*

     Issue 2 Admission of Statement before Jury

Argument and Authorities

     Under Issue 1 ……………………………………………………..9

     Under Issue 2……………………………………………………13

Remedy: Acquittal Due to Legal Insufficiency……………………...……………14

Prayer…………………………………………………………………...17

Signature……………………………………………………………..18

Certificate of Service………………………………………………...18

Certificate of Rule 9 Compliance…………………………………………....18

List of Exhibits……………………………………………………………..19

Under 13CR1173
Tab A       Indictment
Tab B       Jury Charges(Guilt/Innocence)
Tab C       Jury Charge (Punishment)
Tab D       Judgment
Tab E       Notice of Appeal
Tab F       Certification of Right to Appeal

13CR1517
Tab G       Indictment
Tab H       Jury Charges(Guilt/Innocence)
Tab I       Jury Charge (Punishment)
Tab J       Judgment
Tab K       Notice of Appeal
Tab L       Certification of Right to Appeal

# Authorities

## Cases

*Boles v. Stevenson*, 379 U.S. 43 (1964)……………………………..…………10

*Bonham v. State*, 644 S.W.2d 5 (Tex. Crim. App 1983)……………..……..10 ff

*Davis v. State,* 499 S.W.2d 303 (Tex. Crim. App. 1973)……..……………..10

*Garcia v. State,* 15 S.W.3d 533 (Tex. Crim. App. 200)…………………….....15

*Granados v. State*, 85 S.W.3d 217 (Tex. Crim. App. 2002)………………….12

*Jackson v. Denno*, 373 U.S. 368 (1964)…………………………..…………*passim*

*Kelly v. State,* 321 S.W.3d 583, 605 (Tex. App.—Houston
[14th Dist.] 2010, pet. ref'd.)……………………………………………16

*Manzi v. State*, 88 S.W.3d 240 (Tex. Crim. App. 2002)………………….....12

*McKittrick v. State*, 535 S.W.2d 873 (Tex. Crim. App. 1976)……………....10

*Miranda v. Arizona,* 384 U.S. 436 (1966)………………………….….……9

*Schick v. Wm. H. McGee & Co., Inc.,* 843 S.W.2d 473 (Tex. 1992)………...11

*Sims v. Georgia*, 385 U.S. 538 (1967)……………………………………10

*Temple v. State*, 390 S.W.3d 341 (Tex. Crim. App. 2013)……………….…17

*Torres v. State,* 34 S.W.3d 10, 18 (Tex. App. –Houston
[14th Dist.] 2000, pet. ref'd.)…………………………………….…………16

## Statutes & Rules

U.S. Constitution, Amd. V………………………...…………………*passim*

U.S. Constitution, Amd. XIV…………………...…………………*passim*

Texas Code of Criminal Procedure art. 38.22…..……………………*passim*

Tex. Govt. Code Sec. 311.016(1)……………………………………9

No. 01-15-00501-CR
No. 01-15-00506-CR

In the First Court of Appeals
At Houston, Texas

Marcos Jimenez

vs.

The State of Texas

APPELLANT'S BRIEF

TO THE HONORABLE FIRST COURT OF APPEALS:

Statement of the Case

Sentence was imposed on April 30, 2015 and a Notice of Appeal in both cases was filed that day.

Appellant was convicted as a party to aggravated robbery in which a deadly weapon (handgun) was displayed or used by another party, and was sentence to 25 years TDCJ (3g). There was no identification of the defendant other than a vague physical description which would be consistent with any number of Hispanic males with teardrop tattoos. A motion under *Jackson v. Denno*, 373 U.S. 368 (1964) was "denied" after hearing, but the trial judge did not make any finding in the reporter's record or otherwise of the voluntariness of the confession or any specific facts. The video statement was admitted before the jury over renewed objections.

## Facts

A robbery occurred. At trial the only evidence from any complaining witness as to identification was a vague description of an "Hispanic" male with a "teardrop" tattoo on his face or neck 4RR 32. Before the jury, it was admitted that in a photo array none of the complaining witnesses could identify appellant.

The State was able to determine that Appellant had been in the general proximity of other actors on the day before the event, by means of hotel registration cards and a video of the appellant at that hotel. That video was not, however, one of the robbery in question.

The detective purported to identify appellant as a suspect and invited him in for an interview on a pretext of investigating an assault charge which he, appellant, had previously filed. A *Miranda* warning was given. SX-2A; 2 RR 13; 4 RR 184.

Three days before that interview, the same peace officer had interviewed Defendant in connection with an assault complaint which he, the defendant, had filed against another person. At that time—prior to the interview in question-- the peace officer became aware that Defendant had recently been treated for a drug overdose. 2 RR 20/10.

The only witness at the suppression hearing was an officer, Sabrina Sanders. That officer was at best equivocal as to whether Appellant at first refused to talk and started to get up and leave ("I don't recall that.") 2 RR 20/17. The officer's

memory also failed her as to whether she told Appellant that he would not have another chance to talk ("I don't recall.")  2 RR 20/20.

At the conclusion of the *Jackson v. Denno* hearing, the trial judge simply made the following observation*: "All right. The Motion to Suppress in each case will be denied."*  Nowhere in the record did the trial court find that the statement was voluntary, nor enter any specific fact findings that would  support any such conclusion.

The inculpatory statement, Exhibit 1A, was admitted over objection. 2 RR 14 (*Jackson v. Denno* Hearing).

The jury was also informed that both victims had viewed a photo array including defendant—and neither could identify defendant from that array, although one of the victims identified the other alleged actor, Grimes.  3 RR 56, 86; 4 RR 178.

## Summary of the Arguments

This appeal focuses on a *Jackson v. Denno* hearing, at which the court erred in failing to fulfill the clear statutory requirement that specific fact findings be entered on the record to support any conclusion that the statement was voluntary. That error effectively abrogated the purpose of *Jackson v. Denno*, i.e.,, to obtain as far as possible a neutral finding untainted by other evidence that the statement or confession was indeed voluntary.

## Issues for Review

### Issue 1

The trial court erred in "overruling" the Jackson v. Denno motion and in failing to make any finding that the statement of the accused was voluntary, and in failing to make or enter on the record any specific fact findings which would support a conclusion that the statement was voluntary. 2 RR  26

### Issue 2

The trial court erred in admitting the statement of the accused into evidence before the jury over renewed objection. 4 RR 189.

Arguments and Authorities Under Issue 1— No *Jackson v. Denno* Findings

The error in this case began with the court and counsel apparently confusing of the Fourteenth Amendment inquiry under *Jackson v. Denno*, 378 U.S. 368 (1964) with the Fifth Amendment concerns of *Miranda v. Arizona,* 384 U.S. 436 (1966). The trial court in its only ruling referred to the "motion to suppress." More properly, Appellant was not seeking to "suppress" anything but to challenge by motion CR 72, CR 74 the voluntariness of the statement and force the state to demonstrate that Appellant's statement was indeed voluntary.

Defendant's pretrial motions, CR 72, CR 74, were made pursuant to *Jackson v. Denno*, 373 U.S. 368 (1964), which laid down the bedrock rule that a confession or statement had to be freely and voluntarily given, else it could not be used in evidence against the accused. *Jackson v. Denno*, supra, effected the Due Process guarantee of the Fourteenth Amendment to the U.S. Constitution. 378 U.S. at 391. *Miranda*, on the other hand prescribed mandatory warnings to preserve and effectively implement the right against self incrimination under the Fifth Amendment.

Texas Code of Criminal Procedure art. 38.22, implements *Jackson v. Dennno* with the following passage:

> Sec. 6—In all cases where a question is raised as to the voluntariness of a statement of an accused, the court **must** make an independent

9

finding in the absence of the jury as to whether the statement was made under voluntary conditions. If the statement has been found to have been voluntarily made and held admissible as a matter of law and fact by the court in a hearing in the absence of the jury, the court **must** enter an order stating its conclusion as to whether or not the statement was voluntarily made, along with the **specific** findings of fact upon which the conclusion was based, which order shall be filed among the papers of the cause. Such order **shall not** be exhibited to the jury nor the finding thereof made known to the jury in any manner. … [emphasis added]

Under the Code Construction Act, Tex. Govt. Code Sec. 311.016(1) the word "shall" imposes a duty. That duty is more fully explained in *Bonham v. State*, 644 S.W.2d 5, 8 (Tex. Crim. App 1983) which establishes the following:

- *Jackson v. Denno* requires that the trial judge's conclusions as to voluntariness must at least appear from the record with unmistakable clarity. *Bonham, supra,* at 7.

- There must be a clear cut and reliable determination, in the first instance, of the voluntariness of a written confession [here, a taped confession] where an objection to admissibility has been interposed. Id. at 7, citing *Boles v. Stevenson*, 379 U.S. 43 (1964).

- The requirement of an independent finding is both a statutory and constitutional requirement and must be made "manifest of record". *Id.* at 8, citing *Jackson v. Denno; Sims v. Georgia*, 385 U.S. 538 (1967); Art. 38.22; *McKittrick v. State*, 535 S.W.2d 873 (Tex. Crim. App. 1976); *Davis v. State,* 499 S.W.2d 303 (Tex. Crim. App. 1973).

10

Nothing was "manifest" in this case. The trial court simply overruled the *Jackson v. Denno* motions in both cases without comment.

Central to *Jackson v. Denno* is the concept that an accused is entitled to a reliable determination of the voluntariness of a confession not influenced by its truth or falsity. 378 U.S. at 377. In *Denno*, the so-called New York procedure, in which the entire matter was trusted to the jury under instructions, was found insufficient to protect the Due Process right against coerced confession because it is impossible to tell if a jury actually applied those instructions or simply disregarded them. 378 U.S. at 389, 391.

The requirement under CCP art. 38.22 that the determination be made "in the first instance" is particularly important, and suggests that the approach of abating and remanding for belated findings is constitutionally infirm. The reason for requiring an initial finding is so that they will not be contaminated by the content of the statement or confession. The purpose of excluding involuntary confessions has nothing to do with truth or guilt—it is to reinforce and give meaning to civilized norms embodied in the Fifth and Fourteenth Amendments to the U.S. Constitution.

As is observed in other contexts, "[J]udges are only human…." *Schick v. Wm. H. McGee & Co., Inc.,* 843 S.W.2d 473 (Tex. 1992). There is no reason to

11

believe that trial judges will in all cases ignore other evidence or the pressures of dockets and yielding to the temptation to preserve a conviction by passively shortchanging a defendant's constitutional rights.

This is especially so where, due to the passage of time and limits of memory, a trial judge asked to perform a belated fact findings as to a *Jackson v. Denno* ruling will face a "cold" record, rather than live witnesses whose credibility, demeanor and subliminal messages can be contemporaneously evaluated. See generally, *Manzi v. State*, 88 S.W.3d 240 (Tex. Crim. App. 2002), discussing from various viewpoints the merits of *de novo* and deferential review, and whether such review is best conducted by one, three or nine judges.

The so-called suppression hearing had another flaw which appears to be unique and undeveloped in the case law: In attempting to determine the voluntariness of the confession, the trial judge received and viewed the confession itself, which had the inevitable effect of defeating the entire purpose of *Jackson v. Denno.*

Due Process and CCP art. 38.22 require the trial court to determine the voluntariness of a confession. The procedure required is a pretrial hearing at which—ideally—the court should not even hear the specific content of the confession, but should restrict the inquiry to the circumstances leading up to it.

In this case, counsel did object (inadequate "predicate") to the admission of the e videotaped confession, Exhibit 1A, the pretrial *Jackson v. Denno* Hearing. 2 RR 14. The prosecutrix responded simply that this was a "suppression" hearing, and the trial court overruled the objection. *Id.*

The prosecution's response and the court's ruling were probably based on *Granados v. State*, 85 S.W.3d 217, 227-28 (Tex. Crim. App. 2002), which is commonly understood to have made the rules of evidence inapplicable in pretrial hearings concerning the admissibility of evidence. That common understanding is too broad and fails to give effect to the commandment of *Jackson v. Denno,* i.e., that the determination of voluntariness *vel non* be made insofar as possible without contamination by other evidence which might divert the fact finder.

Arguments and Authorities Under Issue 2—Admission of Exh. 1A At Trial

Before the jury, the defense once again objected to the admission of the statement, Exhibit 1A, renewing is pretrial objection. That objection was overruled. 4 RR 189. Thus, the jury heard a highly incriminating statement from an individual who had recently been treated for a drug overdose (*Jackson v. Denno* hearing, 2 RR 20) and who, as it later developed, was on bi-polar medications, 7 RR 38 (Punishment phase) without the fundamental protections of a specific finding of that

the statement was voluntary or any findings of record of specific facts which would support such a judicial conclusion.

The jury was given an instruction on "voluntariness" as to each case. CR 96, CR 140. The fact that such instruction was given with no reference to whether the interview was "custodial" suggests that the court had privately determined –or perhaps the state conceded—that the interview was custodial, if that were to be a factor at all in any *Jackson v. Denno* analysis.

However, without the requisite judicial findings under CCP art. 38.22, those instructions just a replay of the "New York" procedure—letting the jury decide the entire issue—which was invalidated in *Jackson v. Denno*.

For purposes of error analysis, the confession of appellant was the linchpin of the State's entire case. As noted above, the only evidence of identity was a general ethnic category (Hispanic); a vague envelop of physical stature and age; and a teardrop tattoo. Such evidence could not support a rational finding beyond a reasonable doubt linking Appellant in any degree to the offense charged.

<u>Remedy: Acquittal Due to Legal Insufficiency</u>

The failure of trial courts to make necessary findings or entries under CCP art. 38.22 is not uncommon. *Bonham, supra*, at 8. In *Bonham*, the court abated the appeal and directed the trial judge to perform a "belated" fact finding under art.

38.22, stating vaguely that the trial judge "…may review the appellate brief, the transcription of the court reporter's notes, etc., in making is findings offact." Id. at 8.

With respect, that solution only accentuates the constitutional problem of ascertaining voluntariness. The problem is similar to that addressed in *Garcia v. State,* 15 S.W.3d 533 (Tex. Crim. App. 200). In *Garcia*, the court of appeals had held that it would be appropriate for a trial judge other than the original judge to review the "cold" record to make belated fact findings under CCP art. 38.22. The Texas Court of Criminal Appeals disagreed, noting that if appellate judges could not make determinations on a "cold" record, then a judge other that the original judge could not be expected to do the same thing. Id. at 535.

The trial judge in this case did his best to honestly perform his function, and no doubt that he will try to do so in the future. However, asking any judge to review a cold record in these circumstances is unrealistic. By the time such an order of remand reaches the trial judge in this case, the record will truly be "cold". The nuances of attitude, demeanor and other factors which give trial judges deference, see *Manzi v. State,* 88 S.W.3d 240, 254 (Tex. Crim. App. 2002) (Cochran, J., concurring), will be dimmed beyond usefulness. Such factors along make the option of remand for fact finding constitutionally deficient.

Moreover, there are additional problems which in time will appear in other cases before other, very different judges. As noted above, judges are only human, and some judges are human in disappointing ways. See, e.g., *Kelly v. State,* 321 S.W.3d 583, 605 (Tex. App.—Houston [14th Dist.] 2010, pet. ref'd.) ("…trial court adopted ad hoc evidentiary rules that operated to assist the state in proving its case, while impeding appellant's ability to defend himself…").

It is hard enough to ask any judge to make any credibility based determinations on a cold record, but when there has already been a conviction, there will inevitably be some judges somewhere who will adopt the dictum "Never discard a conviction." See *Torres v. State,* 34 S.W.3d 10, 18 (Tex. App. –Houston [14th Dist.] 2000, pet. ref'd.). The tendency for the occasional judge to adopt such a view is accentuated in states such as Texas where judges are elected. Ambitious aspirants will be all too eager to use principled but painful rulings to attack good judges.

Any light shed on the issue of voluntariness by a belated fact finding is not worth the candle. It does not protect the due process guarantee of the Fourteenth Amendment, and ultimately is unfair-- in different ways-- to both the appellant and many good trial judges.

In n such cases, it is sometimes or perhaps always the procedure to abate the appeal and remand the case for belated fact findings by the trial court. That

procedure, however, fails to completely give effect to *Jackson v. Denno,* and violates Appellant's due process (legal sufficiency) protection under *Jackson v. Virginia*, 443 U.S. 307 (1979), particularly in view of Texas practice which now has eliminated the concept of factual insufficiency. *Temple v. State*, 390 S.W.3d 341 (Tex. Crim. App. 2013.

Appellant argues in this novel posture that the only constitutional disposition the absence of factual sufficiency review is to hold that a conviction which rests on constitutionally infirm evidence without legally sufficient independent evidentiary support, cannot. For the court to hold otherwise is to permit the State to secure and uphold convictions while sidestepping the clear protections mandated by *Jackson v. Denno*.

## Prayer

Appellant prays that the judgment be reversed and a judgment of acquittal ordered;

Alternately appellant prays that the judgment be reversed and remanded for a new trial on all issues including determination of voluntariness under *Jackson v. Denno, supra.*

Respectfully submitted,

*/s/ Mark W. Stevens*

Mark W. Stevens

TBN 19184300

PO Box 8118

Galveston, Texas 77553

409.765.6306

Fax 409.765.6469

Email: markwandstev@sbcglobal.net

Counsel for Appellant Marcos Jimenez

## Certificate of Service

A true and correct copy of the foregoing instrument with attachments was served on Ms. Rebecca Klaren, ADA, via electronic filing on October 13, 2015.

*/s/ Mark W. Stevens*

Mark W. Stevens

## Certificate of Compliance

This will certify per TRAP 9 that the above Brief was composed in Times New Roman 14 point type, and that the applicable word count of the applicable portion of the above brief is 2,588 words.

*/s/ Mark W. Stevens*

Mark W. Stevens

<u>Exhibits</u>

Under 13CR1173

Tab A        Indictment
Tab B        Jury Charges(Guilt/Innocence)
Tab C        Jury Charge (Punishment)
Tab D        Judgment
Tab E        Notice of Appeal
Tab F        Certification of Right to Appeal

13CR1517

Tab G        Indictment
Tab H        Jury Charges(Guilt/Innocence)
Tab I        Jury Charge (Punishment)
Tab J        Judgment
Tab K        Notice of Appeal
Tab L        Certification of Right to Appeal

**THE STATE OF TEXAS**
**VS**
**MARCOS DANIEL JIMENEZ**

| | | | |
|---|---|---|---|
| DA Control Number: | 2013-DA-004515 | SO Number: | 357773 |
| Cause No: | 13-CR-1173 | Court: | 10th District Court |
| Offense Code: | 12990002 - AGG ROBBERY | | |
| CJIS TRN #: | 9216394919 A001 | Offense Report No: | 13-0772 |
| Agency: | Galveston County Sheriff's Office | Status: | JAIL |
| Co-Defendant: | Madria, Andrew Dashawn; Grimes, Broderick Earl; Grimes, Broderick Earl; | Co-Defendant Control Number: | 2013-DA-004273; 2013-DA-004319; 2013-DA-005518; |
| Staff Initials: TMK | | Bond Amount: | $80,000 |
| | | Grand Jury | January Term, 2013 |
| Witness Name: | | | 122ND District Court |

___JUDGE___ *John Ellison*

IN THE NAME AND BY AUTHORITY OF THE STATE OF TEXAS

THE GRAND JURORS for the County of Galveston, State aforesaid, duly organized as such at the January Term, A.D., 2013 upon their oaths in said Court present that MARCOS DANIEL JIMENEZ, on or about the 5th day of April, 2013 and anterior to the presentment of this indictment in the County of Galveston and State of Texas, did then and there, while in the course of committing theft of property and with intent to obtain or maintain control of said property, intentionally or knowingly threaten or place Christopher Burnett in fear of imminent bodily injury or death, and the defendant did then and there use or exhibit a deadly weapon, to-wit: a hand gun.

**FIRST ENHANCEMENT**

And it is further presented in and to said Court that, prior to the commission of the aforesaid offense, on the 31st day of August 2000, in cause number 0753366 in the Criminal District Court of Tarrant County #2 of Tarrant County, Texas, the defendant was convicted of the felony offense of aggravated robbery.

AGAINST THE PEACE AND DIGNITY OF THE STATE.

___William C. Heart___
Foreperson of the Grand Jury

**BOND SET ON** __6/7/13__

13-CR-1173
DCINDICT
Indictment — OCA
649924



7

A

JOHN D. KINARD
CLERK DISTRICT COURT
FILED
12:54 pm
APR 29 2015

GALVESTON COUNTY, TEXAS
BY_____
DEPUTY

NO. 13CR1173

| | | |
|---|---|---|
| THE STATE OF TEXAS | § | IN THE DISTRICT COURT OF |
| VS. | § | GALVESTON COUNTY, TEXAS |
| MARCOS DANIEL JIMENEZ | § | 10TH JUDICIAL DISTRICT |

## CHARGE OF THE COURT

**LADIES AND GENTLEMEN OF THE JURY:**

The Defendant, MARCOS DANIEL JIMENEZ, stands charged by indictment with the offense of Aggravated Robbery alleged to have been committed on or about the 5th day of April, A.D., 2013, in Galveston County, Texas. The Defendant has pleaded not guilty.

A person commits the offense of robbery if, in the course of committing theft and with intent to obtain and maintain control of property of another, he intentionally or knowingly threatens or places another in fear of imminent bodily injury.

The offense is aggravated robbery if the person committing robbery uses or exhibits a deadly weapon.

"In the course of committing theft" means conduct that occurs in an attempt to commit, during the commission or in immediate flight after the attempt or commission of theft.

"Attempt" to commit an offense occurs if, with specific intent to commit an offense, a person does an act amounting to more than mere preparation that tends, but fails, to effect the commission of the offense intended.

"Bodily injury" means physical pain, illness, or any impairment of physical condition.

"Serious bodily injury" means bodily injury that creates a substantial risk of death or that

13-CR-1173
DCCHOC
Charge of the Court
1029961

140

$\mathcal{B}$

causes death, serious permanent disfigurement, or protracted loss or impairment of the function of any bodily member or organ.

"Theft" as used herein is the unlawful appropriation of the corporeal personal property of another with the intent to deprive such person of said property.

"Appropriation" and "appropriate," as those terms are used herein, mean to acquire or otherwise exercise control over property other than real property. Appropriation of property is unlawful if it is without the owner's effective consent.

"Property" as used herein means tangible or intangible personal property or documents, including money that represents or embodies anything of value.

"Deprive" as used herein means to withhold property from the owner permanently.

"Effective consent" means assent in fact, whether express or apparent, and includes consent by a person legally authorized to act for the owner. Consent is not effective if induced by deception or coercion or force or threats.

"Owner" means a person who has title to the property, possession of the property, or a greater right to possession of the property than the person charged.

"Possession" means actual care, custody, control or management of property.

"Deadly weapon" means a firearm or anything manifestly designed, made, or adapted for the purpose of causing death or serious bodily injury, or anything that in the manner of its use or intended use is capable of causing death or serious bodily injury.

"Intoxication" means disturbance of mental or physical capacity resulting from the introduction of any substance into the body.

2

141

A person acts intentionally, or with intent, with respect to the nature of his conduct, or to a result of his conduct, when it is his conscious objective or desire to engage in the conduct or cause the result.

A person acts knowingly, or with knowledge, with respect to the nature of his conduct or to circumstances surrounding his conduct when he is aware of the nature of his conduct or that the circumstances exist. A person acts knowingly, or with knowledge, with respect to a result of his conduct when he is aware that his conduct is reasonably certain to cause the result.

A person is criminally responsible as a party to an offense if the offense is committed by his own conduct, by the conduct of another for which he is criminally responsible, or by both.

Each party to an offense may be charged with the commission of the offense.

A person is criminally responsible for an offense committed by the conduct of another if, acting with intent to promote or assist the commission of the offense, he solicits or encourages or directs or aids or attempts to aid the other person to commit the offense. Mere presence alone will not constitute one a party to an offense.

Now, if you find from the evidence beyond a reasonable doubt that on or about the 5th day of April, A.D., 2013, in Galveston County, Texas, the Defendant, MARCOS DANIEL JIMENEZ, either acting alone or as a party, as herein defined, with BRODERICK GRIMES and/or ANDREW MADRIA, while in the course of committing theft of property and with intent to obtain or maintain control of said property, intentionally or knowingly threaten or place Christopher Burnett in fear of imminent bodily injury or death, and the Defendant or BRODERICK GRIMES or ANDREW MADRIA did then and there use or exhibit a deadly weapon, to-wit: a handgun, then you will find the Defendant guilty of Aggravated Robbery as

3

142

charged in the indictment.

Unless you so find from the evidence beyond a reasonable doubt, or if you have a reasonable doubt thereof, you will acquit the Defendant of Aggravated Robbery and go on to consider whether he is guilty of the lesser offense of Robbery.

Now, if you find from the evidence beyond a reasonable doubt that the Defendant, MARCOS DANIEL JIMENEZ, on or about the 5th day of April, A.D., 2013, in Galveston County and State of Texas, did then and there, acting alone or as a party as that term has been previously defined, while in the course of committing theft of property and with intent to obtain or maintain control of said property, intentionally or knowingly threaten or place Christopher Burnett in fear of imminent bodily injury or death, then you will find the Defendant guilty of the lesser offense of Robbery.

Unless you so find from the evidence beyond a reasonable doubt, or if you have a reasonable doubt thereof, you will acquit the Defendant of Robbery and go on to consider whether he is guilty of the lesser offense of Theft from a Person.

Now, if you find from the evidence beyond a reasonable doubt that the Defendant, MARCOS DANIEL JIMENEZ, on or about the 5th day of April, A.D., 2013, in Galveston County and State of Texas, did then and there, acting alone or as a party as that term has been previously defined, unlawfully appropriate, by acquiring or otherwise exercising control over, property, to-wit: United State currency and/or telephone and/or tablet computer and/or motor vehicle, from the person of Christopher Burnett, the owner thereof, without the effective consent of the owner, and with intent to deprive the owner of the property, then you will find the Defendant guilty of the lesser offense of Theft from a Person.

4

If you believe that the defendant MARCOS DANIEL JIMENEZ, is guilty of an offense, Aggravated Robbery, Robbery, or Theft from a Person, but you have a reasonable doubt as to which offense the Defendant is guilty of, then you should resolve that doubt in Defendant's favor and find him guilty of the appropriate lesser offense.

If you have a reasonable doubt as to whether the Defendant is guilty of any offense, then you will acquit the Defendant and say by your verdict "Not Guilty".

You are instructed that unless you believe from the evidence beyond a reasonable doubt that the alleged confession or statement introduced into evidence was freely and voluntarily made by the defendant without compulsion or persuasion, or if you have a reasonable doubt thereof, you shall not consider such alleged statement or confession for any purpose nor any evidence obtained as a result thereof.

Our law provides that a Defendant may testify in his own behalf if he elects to do so. This, however, is a privilege accorded a Defendant, and in the event he elects not to testify, that fact cannot be taken as a circumstance against him. In this case, the defendant has elected not to testify, and you are instructed that you cannot and must not refer or allude to that fact throughout your deliberations or take it into consideration for any purpose whatsoever as a circumstance against the Defendant.

You are instructed that if there is any testimony before you in this case regarding the Defendant's having committed offenses other than the offense alleged against him in the indictment in this case, you cannot consider said testimony for any purpose unless you find and believe beyond a reasonable doubt that the Defendant committed such other offenses, if any were committed, and even then you may only consider the same in determining the intent of the

Defendant, if any, in connection with the offense, if any, alleged against him in the indictment in this case, and for no other purpose.

All persons are presumed to be innocent and no person may be convicted of an offense unless each element of the offense is proved beyond a reasonable doubt. The fact that a person has been arrested, confined, indicted for, or otherwise charged with, the offense gives rise to no inference of guilt at his trial. The law does not require a Defendant to prove his innocence or produce any evidence at all. The presumption of innocence alone is sufficient to acquit the Defendant, unless the jurors are satisfied beyond a reasonable doubt of the Defendant's guilt after careful and impartial consideration of all the evidence in the case.

The prosecution has the burden of proving the Defendant guilty and it must do so by proving each and every element of the offense charged beyond a reasonable doubt and if it fails to do so, you must acquit the Defendant.

In the event you have a reasonable doubt as to the Defendant's guilt after considering all the evidence before you and these instructions, you will acquit him and say by your verdict "Not Guilty".

Voluntary intoxication does not constitute a defense to the commission of a crime.

A Grand Jury indictment is the means whereby a Defendant is brought to trial in a felony prosecution. It is not evidence of guilt nor can it be considered by you in passing upon the question of guilt of the Defendant. The burden of proof in all criminal cases rests upon the State throughout the trial and never shifts to the Defendant.

During your deliberations in this case, you must not consider, discuss, or relate any matters not in evidence before you. You should not consider or mention any personal knowledge or

6

information you may have about any fact or person connected with this case which is not shown by the evidence.

You have been permitted to take notes during the testimony in this case. In the event any of you took notes, you may rely on your notes during your deliberations. However, you may not share your notes with the other jurors and you should not permit the other jurors to share their notes with you. You may, however, discuss the contents of your notes with the other jurors. You shall not use your notes as authority to persuade your fellow jurors. In your deliberations, give no more and no less weight to the views of a fellow juror just because that juror did or did not take notes. Your notes are not official transcripts. They are personal memory aids, just like the notes of the judge and the notes of the lawyers. Notes are valuable as a stimulant to your memory. On the other hand, you might make an error in observing or you might make a mistake in recording what you have seen or heard. Therefore, you are not to use your notes as authority to persuade fellow jurors of what the evidence was during the trial.

Occasionally, during jury deliberations, a dispute arises as to the testimony presented. If this should occur in this case, you shall inform the Court and request that the Court read the portion of disputed testimony to you from the official transcript. You shall not rely on your notes to resolve the dispute because those notes, if any, are not official transcripts. The dispute must be settled by the official transcript, for it is the official transcript, rather than any juror's notes, upon which you must base your determination of the facts and, ultimately, your verdict in this case.

After you have retired to your jury room, you should select one of your members as your Foreperson. It is his or her duty to preside at your deliberations, vote with you and, when you have unanimously agreed upon a verdict, to certify to your verdict by signing the same as Foreperson.

7

146

You are the exclusive judges of the facts proved, of the credibility of the witnesses, and of the weight to be given to the testimony, but you are bound to receive the law from the Court which is herein given to you and be governed thereby.

No one has any authority to communicate with you except the officer who has you in charge. After you have retired, you may communicate with this Court in writing through the officer who has you in charge. Do not attempt to talk to the officer who has you in charge, or the attorneys, or the court, or anyone else concerning any question you may have. After you have reached a unanimous verdict, the Foreperson will certify thereto by filling in the appropriate form attached to this charge and signing his or her name as Foreperson.

Suitable forms for your verdict are hereto attached; your verdict must be in writing and signed by your Foreperson. Your sole duty at this time is to determine the guilt or innocence of the Defendant under the indictment in this case; and restrict your deliberations solely to the issue of guilt or innocence of the Defendant.

JUDGE PRESIDING

8

JOHN D. KINARD
CLERK DISTRICT COURT
FILED
3:58pm
APR 29 2015

NO. 13CR1173

GALVESTON COUNTY, TEXAS
BY_____
DEPUTY

| | | |
|---|---|---|
| THE STATE OF TEXAS | § | IN THE DISTRICT COURT OF |
| VS. | § | GALVESTON COUNTY, TEXAS |
| MARCOS DANIEL JIMENEZ | § | 10TH JUDICIAL DISTRICT |

## VERDICT

We, the Jury, find the Defendant, MARCOS DANIEL JIMENEZ, guilty of the offense of Aggravated Robbery as alleged in the indictment.

_____
FOREPERSON OF THE JURY

We, the Jury, find the Defendant, MARCOS DANIEL JIMENEZ, guilty of the lesser-included offense of Robbery.

_____
FOREPERSON OF THE JURY

We, the Jury, find the Defendant, MARCOS DANIEL JIMENEZ, guilty of the lesser-included offense of Theft From a Person.

_____
FOREPERSON OF THE JURY

We, the Jury, find the Defendant, MARCOS DANIEL JIMENEZ, not guilty.

_____
FOREPERSON OF THE JURY

13-CR-1173
DCVER
Verdict
1029962

148



JOHN D. KINARD
CLERK DISTRICT COURT
FILED
11:12 am
APR 3 0 2015

GALVESTON COUNTY, TEXAS
BY_____ DEPUTY

NO. 13CR1173

| THE STATE OF TEXAS | § | IN THE DISTRICT COURT OF |
| VS. | § | GALVESTON COUNTY, TEXAS |
| MARCOS DANIEL JIMENEZ | § | 10th JUDICIAL DISTRICT |

## CHARGE OF THE COURT ON PUNISHMENT

**LADIES AND GENTLEMEN OF THE JURY:**

You have found the Defendant, MARCOS DANIEL JIMENEZ, guilty in this case of the offense of Aggravated Robbery as alleged in the indictment. It is now your duty to assess his punishment for this offense.

The enhancement paragraph of the indictment further alleges that the Defendant, prior to the commission of the primary offense was previously convicted on the 31st day of August, 2000, in cause number 0753366 in the Criminal District Court Number Two of Tarrant County, Texas, the defendant was convicted of the felony offense of Aggravated Robbery.

The Defendant has entered a plea of "Not True" to this allegation.

You are instructed if you find beyond a reasonable doubt that the allegations of the Enhancement Paragraph One are "True," you will assess the punishment of the Defendant at confinement in the Institutional Division Texas Department of Criminal Justice for a period of not less than fifteen (15) years nor more than ninety-nine (99) years or life, and in addition you may assess a fine not to exceed ten thousand dollars ($10,000.00). Therefore, you will assess the punishment, upon said finding of guilty, at any term of years not less than fifteen (15) years nor more than ninety-nine (99) years or life, and a fine not to exceed ten thousand dollars

**COMPLETED**

13 - CR - 1173
DCCHOCP
Charge of the Court on Punishment
1030037



150

C

($10,000.00) and so state in your verdict.

If you find the allegations in the enhancement "Not True", you are therefore instructed to assess punishment at confinement in the Institutional Division of the Texas Department of Criminal Justice for a period of not less than five (5) years nor more than ninety-nine (99) years or life, and in addition you may assess a fine not to exceed ten thousand dollars ($10,000.00). Therefore, you will assess the punishment, upon said finding of guilty, at any term of years not less than five (5) years nor more than ninety-nine (99) years or life, and a fine not to exceed ten thousand dollars ($10,000.00) and so state in your verdict.

The prosecution has the burden of proving a "True" answer to the Enhancement Paragraph One of the indictment and it must do so by proving the allegations beyond a reasonable doubt, and if it fails to do so, you must answer "Not True."

It is not required that the prosecution prove a "True" answer to the Enhancement Paragraph One beyond all possible doubt; it is required that the prosecution's proof excludes all reasonable doubt concerning a "True" answer.

In the event you have a reasonable doubt as to a "True" answer to the allegations of the Enhancement Paragraph One of the indictment after considering all the evidence before you, and these instructions, you will answer "Not True" to the Enhancement Paragraph One.

You are instructed that in determining the Defendant's punishment, which you will show in your verdict, you may take into consideration all the facts shown by the evidence admitted before you in the full trial of this case and law as submitted to you in these instructions.

2

151

In arriving at the amount of punishment it will not be proper for you to fix the same by lot, chance or any other method than by a full, fair and free exercise of the opinions of the individual jurors.

Under the law applicable in this case, the Defendant, if sentenced to a term of imprisonment, may earn time off the period of incarceration imposed through the award of good conduct time. Prison authorities may award good conduct time to a prisoner who exhibits good behavior, diligence in carrying out prison work assignments, and attempts at rehabilitation. If a prisoner engages in misconduct, prison authorities may also take away all or part of any good conduct time earned by the prisoner.

It is also possible that the length of time for which the Defendant will be imprisoned might be reduced by the award of parole.

Under the law applicable in this case, if the Defendant is sentenced to a term of imprisonment, he will not become eligible for parole until the actual time served equals one-half of the sentence imposed, or thirty years, whichever is less, without any consideration of any good conduct time he may earn. If the Defendant is sentenced to a term of less than four years, he must serve at least two years before he is eligible for parole. Eligibility for parole does not guarantee that parole will be granted.

It cannot accurately be predicted how the parole law and good conduct time might be applied to this Defendant if he is sentenced to a term of imprisonment, because the application of these laws will depend on decisions made by prison and parole authorities.

You may consider the existence of the parole law and good conduct time. However, you are not to consider the extent to which good conduct time may be awarded to or forfeited by this

particular Defendant. You are not to consider the manner in which the parole law may be applied to this particular Defendant.

The State has introduced evidence of extraneous crimes or bad acts other than the one charged in the indictment in this case. This evidence was admitted only for the purpose of assisting you, if it does, in determining the proper punishment for the offense for which you have found the defendant guilty. You cannot consider the testimony for any purpose unless you find and believe beyond a reasonable doubt that the defendant committed such other acts, if any were committed.

~~Our law provides that a Defendant may testify in his own behalf if he elects to do so. This, however, is a privilege accorded a Defendant, and in the event he elects not to testify, that fact cannot be taken as a circumstance against him. In this case, the Defendant has elected not to testify, and you are instructed that you cannot and must not refer or allude to that fact throughout your deliberations or take it into consideration for any purpose whatsoever as a circumstance against the Defendant.~~

You are the exclusive judges of the facts proved, of the credibility of the witnesses, and of the weight to be given to the testimony, but you are bound to receive the law from the Court which is herein given to you and be governed thereby.

It is your Foreperson's duty to preside at your deliberations, vote with you, and when you have unanimously agreed upon a verdict, to certify to your verdict by using the appropriate form attached hereto, and signing the same as Foreperson.

No one has any authority to communicate with you except the officer who has you in charge. During your deliberations in this case, you must not consider, discuss, nor relate any matters not in evidence before you. You should not consider, nor mention any personal

4

 

knowledge or information you may have about any fact or person connected with this case which is not shown by the evidence.

After you have retired, you may communicate with this Court in writing through the officer who has you in his charge. Do not attempt to talk to the officer who has you in his charge, or the attorneys, or the Court, or anyone else concerning any question you may have.

After you have reached a unanimous verdict on the punishment, the Foreperson will certify thereto by filling in the appropriate forms attached to this charge and signing his/her name as Foreperson.

JUDGE PRESIDING

5

154

Electronically Filed

JOHN D. KINARD
CLERK DISTRICT COURT
FILED

APR 3 0 2015

GALVESTON COUNTY, TEXAS

NO. 13CR1173

THE STATE OF TEXAS § IN THE ~~DISTRICT COURT OF~~

VS. § GALVESTON COUNTY, TEXAS

MARCOS DANIEL JIMENEZ § 10TH JUDICIAL DISTRICT

## VERDICT

We, the Jury, find that the allegation in the Enhancement paragraph of this indictment is **TRUE**, and assess the Defendant's punishment at confinement in the Institutional Division of the Texas Department of Criminal Justice for _____ 25 _____ years, and in addition thereto a fine of $ _ 4,000 _, if any.

_____
FOREPERSON OF THE JURY

We, the Jury, find that the allegation in the Enhancement paragraph of this indictment is **NOT TRUE**, and assess the Defendant's punishment at confinement in the Institutional Division of the Texas Department of Criminal Justice for _____ years, and in addition thereto a fine of $ _____, if any.

_____
FOREPERSON OF THE JURY

13-CR-1173
DCVER
Verdict
1030038

COMPLETL_

155

Art. **42.12**
Sec. **3g** Applies



CASE NO. 13CR1173    COUNT
INCIDENT NO./TRN: **9216394919 A001**

| | | |
|---|---|---|
| THE STATE OF TEXAS | § | IN THE 10TH JUDICIAL |
| | § | |
| V. | § | DISTRICT COURT OF |
| | § | |
| MARCOS DANIEL JIMENEZ | § | GALVESTON COUNTY, TEXAS |
| STATE ID NO.: TX06291360 | § | |

## JUDGMENT OF CONVICTION BY JURY

| | | |
|---|---|---|
| Judge Presiding: | **HON. Kerry L. Neves** | Date Judgment Entered:   APRIL 30, 2015 |
| Attorney for State: | **GINA GILMORE & RICHARD HAYES, II** | Attorney for Defendant:   **MARK MCINTYRE** |

Offense for which Defendant Convicted:
**AGGRAVATED ROBBERY WITH ENHANCEMENT**

| Charging Instrument: | Statute for Offense: |
|---|---|
| **INDICTMENT** | **29.03 Penal Code** |

Date of Offense:
APRIL 5, 2013

| Degree of Offense: | Plea to Offense: |
|---|---|
| **1ST DEGREE FELONY HABITUAL AS ENHANCED** | **NOT GUILTY** |
| Verdict of **JURY**: | Findings on Deadly Weapon: |
| **GUILTY** | **N/A** |

| Plea to 1st Enhancement Paragraph: | **NOT TRUE** | Plea to 2nd Enhancement/Habitual Paragraph: | **N/A** |
|---|---|---|---|
| Findings on 1st Enhancement Paragraph: | **TRUE** | Findings on 2nd Enhancement/Habitual Paragraph: | **N/A** |

| Punishment Assessed by: | Date Sentence Imposed: | Date Sentence to Commence: |
|---|---|---|
| **JURY** | APRIL 30, 2015 | APRIL 30, 2015 |

| Punishment and Place of Confinement: | **TWENTY-FIVE (25) YEARS INSTITUTIONAL DIVISION, TDCJ** |
|---|---|

### THIS SENTENCE SHALL RUN CONCURRENTLY.

☐ SENTENCE OF CONFINEMENT SUSPENDED, DEFENDANT PLACED ON COMMUNITY SUPERVISION FOR **N/A** .

| Fine: | Court Costs: | Attorney Fees: |
|---|---|---|
| **$ 4,000.00** | $ 786.00 | $ |

| Restitution: | Restitution Payable to: |
|---|---|
| **$ N/A** | ☐ VICTIM (see below) ☐ AGENCY/AGENT (see below) |

**Sex Offender Registration Requirements do not apply to the Defendant.** TEX. CODE CRIM. PROC. chapter 62
The age of the victim at the time of the offense was **N/A** .

13–CR–1173
DCJUDG
Judgment
1030150

D

| | If Defendant is to serve sentence in TDCJ, enter incarceration periods in chronological order. |
|---|---|
| | From 04/30/13 to 04/30/15    From _____ to _____    From _____ to _____ |
| Time Credited: | From _____ to _____    From _____ to _____    From _____ to _____ |
| | If Defendant is to serve sentence in county jail or is given credit toward fine and costs, enter days credited below. |
| | **N/A DAYS**     NOTES: **TOWARD INCARCERATION** |

**All pertinent information, names and assessments indicated above are incorporated into the language of the judgment below by reference.**

This cause was called for trial in **Galveston County, Texas**. The State appeared by her Criminal District Attorney.

### Counsel / Waiver of Counsel (select one)

☒ Defendant appeared in person with Counsel.

☐ Defendant knowingly, intelligently, and voluntarily waived the right to representation by counsel in writing in open court.

It appeared to the Court that Defendant was mentally competent and had pleaded as shown above to the charging instrument. Both parties announced ready for trial. A jury was selected, impaneled, and sworn. The INDICTMENT was read to the jury, and Defendant entered a plea to the charged offense. The Court received the plea and entered it of record.

The jury heard the evidence submitted and argument of counsel. The Court charged the jury as to its duty to determine the guilt or innocence of Defendant, and the jury retired to consider the evidence. Upon returning to open court, the jury delivered its verdict in the presence of Defendant and defense counsel, if any.

The Court received the verdict and **ORDERED** it entered upon the minutes of the Court.

### Punishment Assessed by Jury / Court / No election (select one)

☒ **Jury.** Defendant entered a plea and filed a written election to have the jury assess punishment. The jury heard evidence relative to the question of punishment. The Court charged the jury and it retired to consider the question of punishment. After due deliberation, the jury was brought into Court, and, in open court, it returned its verdict as indicated above.

☐ **Court.** Defendant elected to have the Court assess punishment. After hearing evidence relative to the question of punishment, the Court assessed Defendant's punishment as indicated above.

☐ **No Election.** Defendant did not file a written election as to whether the judge or jury should assess punishment. After hearing evidence relative to the question of punishment, the Court assessed Defendant's punishment as indicated above.

The Court **FINDS** Defendant committed the above offense and **ORDERS, ADJUDGES AND DECREES** that Defendant is **GUILTY** of the above offense. The Court **FINDS** the Pres-Sentence Investigation, if so ordered, was done according to the applicable provisions of *TEX. CODE CRIM. PROC. art. 42.12 § 9*.

The Court **ORDERS** Defendant punished as indicated above. The Court **ORDERS** Defendant to pay all fines, court costs, and restitution as indicated above.

### Punishment Options (select one)

☒ **Confinement in State Jail or Institutional Division.** The Court **ORDERS** the authorized agent of the State of Texas or the Sheriff of this County to take, safely convey, and deliver Defendant to the **Director, Institutional Division, TDCJ.** The Court **ORDERS** Defendant to be confined for the period and in the manner indicated above. The Court **ORDERS** Defendant remanded to the custody of the Sheriff of this County until the Sheriff can obey the directions of this sentence. The Court **ORDERS** that upon release from confinement, Defendant proceed immediately to the **Galveston County and Pre-Trial Services.** Once there, the Court **ORDERS** Defendant to pay, or make arrangements to pay, any remaining unpaid fines, court costs, and restitution as ordered by the Court above.

☐ **County Jail—Confinement / Confinement in Lieu of Payment.** The Court **ORDERS** Defendant immediately committed to the custody of the Sheriff of Galveston County, Texas on the date the sentence is to commence. Defendant shall be confined in the **Galveston County Jail** for the period indicated above. The Court **ORDERS** that upon release from confinement, Defendant shall proceed immediately to the **Galveston County and Pre-Trial Services.** Once there, the Court **ORDERS** Defendant to pay, or make arrangements to pay, any remaining unpaid fines, court costs, and restitution as ordered by the Court above.

☐ **Fine Only Payment.** The punishment assessed against Defendant is for a **FINE ONLY.** The Court **ORDERS** Defendant to proceed immediately to the Office of the Galveston County **Galveston County and Pre-Trial Services.** Once there, the Court **ORDERS** Defendant to pay or make arrangements to pay all fines and court costs as ordered by the Court in this cause.

### Execution / Suspension of Sentence (select one)

☒ The Court **ORDERS** Defendant's sentence **EXECUTED.**

☐ The Court **ORDERS** Defendant's sentence of confinement **SUSPENDED.** The Court **ORDERS** Defendant placed on community supervision for the adjudged period (above) so long as Defendant abides by and does not violate the terms and conditions of community supervision. The order setting forth the terms and conditions of community supervision is incorporated into this judgment by reference.

The Court **ORDERS** that Defendant is given credit noted above on this sentence for the time spent incarcerated.

**Attachment "A" is attached hereto and incorporated herein for all purposes.**

**Furthermore, the following special findings or orders apply:**

Signed and Entered on this the 30TH day of April, A.D., 2015.

JUDGE PRESIDING
10TH JUDICIAL DISTRICT COURT
GALVESTON COUNTY, TEXAS

A copy furnished to the above named Defendant and noted in the Docket on this the 30TH day of April, A.D., 2015.

**JOHN D. KINARD, DISTRICT CLERK,**
**GALVESTON COUNTY, TEXAS**

BY: DEPUTY
CLERK 10TH JUDICIAL DISTRICT COURT
GALVESTON COUNTY, TEXAS

```
**************************
*                        *
*                        *
*                        *
*                        *
*                        *
*                        *
*                        *
*                        *
*                        *
*                        *
**************************
```

DEFENDANT'S RIGHT THUMBPRINT

162

## ATTACHMENT A

STATE OF TEXAS

VS.

**MARCOS DANIEL JIMENEZ**                    CAUSE NO. **13CR1173**

( )    Pursuant to the Texas Code of Criminal Procedure, the Court finds that the victim(s) of this crime is (are) owed restitution. Such restitution shall be ordered as a condition of parole.

VICTIM: _____

ADDRESS: _____

_____

AMOUNT: $ _____

( )    Pursuant to Article 42.18 8(g), of the Texas Code of Criminal Procedure the Defendant is ordered to pay to the Department of Court Services, 600 59th Street Ste. 1500, Galveston, Texas, 77551, $ _____ as reimbursement for court appointed attorney fees. Such fees shall be ordered as a condition of parole.

( X )    Pursuant to Article 42.18 8(g) and Article 102.0178, of the Texas Code of Criminal Procedure the Defendant is ordered to pay to the Department of Court Services, 600 59th Street Ste. 1500, Galveston, Texas, 77551, $216.00 for Court Costs. Such costs shall be ordered as a condition of parole.

( X )    Pursuant to Article 42.18 8(g), of the Texas Code of Criminal Procedure the Defendant is ordered to pay to the Department of Court Services, 600 59th Street Ste. 1500, Galveston, Texas, 77551, $ 4,000.00 as a fine. Such fine shall be ordered as a condition of parole.

( X )    Pay to the Department of Court Services, 600 59th Street Ste. 1500, Galveston, Texas, 77551, $ 25.00 as a Crime Stoppers Program payment. Such payment shall be ordered as a condition of parole.

( )    Pursuant to Article 42.18 8(g), of the Texas Code of Criminal Procedure the Defendant is ordered to pay to the Department of Court Services, 600 59th Street Ste. 1500, Galveston, Texas, 77551, $ _____ to reimburse the County for extradition costs. Such costs shall be ordered as a condition of parole.

( )    Attend and successfully complete a program designed to educate persons on the dangers of drug abuse pursuant to V.T.C.A. Transportation Code, Section 521.374.

( )    The Defendant's driver's license will be suspended for 180 days and continue for an indefinite period up and until the Defendant completes the education program pursuant to V.T.C.A. Transportation Code, Section 521.372.

( )    The Defendant's driver's license will be suspended for one (1) year.

THE STATE OF TEXAS                    §              IN THE DISTRICT COURT OF

vs.                          2015 APR 30  PM 3: 29 GALVESTON COUNTY, TEXAS

MARCOS DANIEL JIMENEZ                               10TH JUDICIAL DISTRICT

## TRIAL COURT'S CERTIFICATION OF DEFENDANT'S RIGHT OF APPEAL

I, Judge of the trial court, certify this criminal case:

[X]    is not a plea-bargain case, and the defendant has the right of appeal. [or]

[ ]    is a plea-bargain case, but matters were raised by written motion filed and ruled on before trial and not withdrawn or waived, and the defendant has the right of appeal. [or]

[ ]    is a plea-bargain case, but the trial court has given permission to appeal, and the defendant has the right of appeal. [or]

[ ]    is a plea-bargain case, and the defendant has NO right of appeal. [or]

[ ]    the defendant has waived the right of appeal.

_____          4-30-15
Judge                                                 Date Signed

I have received a copy of this Certification. I have also been informed of my rights concerning any appeal of this criminal case, including any right to file a *pro se* petition for discretionary review pursuant to Rule 68 of the Texas Rules of Appellate Procedure. I have been admonished that my attorney must mail a copy of the court of appeal's judgment and opinion to my last known address and that I have only thirty (30) days in which to file a *pro se* petition for discretionary review in the court of criminal appeals. TEX. R. APP.P. 68.2. I acknowledge that, if I wish to appeal this case and if I am entitled to do so, it is my duty to inform my appellate attorney, by written communication, of any change in the address at which I am currently living or any change in my current prison unit. I understand that, because of appellate deadlines, if I fail to timely inform my appellate attorney of any change in my address, I may lose the opportunity to file a *pro se* petition for discretionary review.

_____          _____
Defendant                                              Defendant's Counsel

State Bar No. 136883700

Mailing Address: _____          Mailing Address: 2127 Broadway Street
_____          Galveston, TX 77550

Telephone Number: ( )_____          Telephone Number: 409 763 2454

Fax Number (if any): ( )_____          Fax Number (if any): 409 763 4309

13-CR-1173
DCTRC
Trial Court's Certification and Defendant's Righ
1030151

Effective October 18, 2011

164    E

CAUSE NUMBER 13CR1173

2015 APR 30 PM 3: 29

THE STATE OF TEXAS

IN THE DISTRICT COURT OF

VS.

GALVESTON, COUNTY, TEXAS

Marcos Daniel Jimenez

10th JUDICIAL DISTRICT

## NOTICE OF APPEAL

On this 30th day of April, 2015 the Defendant individually or by Attorney, in the above styled and numbered cause by written notice hereby excepts to Judgment/Sentence or appealable order. Defendant hereby gives Notice of Appeal to be filed in the Court of Appeals, 1st or 14th Supreme Judicial District:

Notice to the 14th Court Appeals

_____
Defendant

Or

_____
Attorney
State BarNo._____

**The Following to be Completed by Clerk:**

Date of Judgment or other Order Appealed from: April 30, 2015
Name of Trial Court Judge: Kerry Neves
Name of Court Reporter: Gail Halufka
Name of Attorney on Appeal: _____ Bar No. _____
Address: _____
Telephone No. _____ Fax No. _____
Name of State's Attorney on Appeal : Jack Roady, Bar No. 24027780 Galveston County Criminal District Attorney, Galveston County Courthouse, 600 59TH Street, Galveston, Texas 77551 Phone No. (409) 766-2355 Fax No. (409) 766-2290
Defendant Incarcerated? Yes ✔ No____
Offense Convicted of: Aggravated Robbery with Enhancement
Punishment Assessed: Twenty Five (25) years TDCJ
Who Assessed Punishment? Trial Court____ Jury ✔
Appeals Consolidated under this Cause No: _____
Companion Case, if Applicable: _____
Defendant on Appeal Bond? Yes____ No ✔

13-CR-1173
DCAF
Appeal — Notice
1030153

166

**THE STATE OF TEXAS**
**VS**
**MARCOS DANIEL JIMENEZ**

| | | | |
|---|---|---|---|
| DA Control Number: | 2013-DA-005519 | SO Number: | 357773 |
| Cause No: | 13CR 1517 | Court: | 10TH DISTRICT COURT |
| Offense Code: | 12990002 - AGG ROBBERY | | |
| | | | |
| CJIS TRN #: | 9216394919 D001 | Offense Report No: | 13-0772 |
| Agency: | | Status: | NEEDS TO BE ARRESTED ALL STATES |
| Co-Defendant: | Madria, Andrew Dashawn; Madria, Andrew Dashawn; Grimes, Broderick Earl; Madria, Andrew Dashawn; Grimes, Broderick Earl | Co-Defendant Control Number: | 2013-DA-003754; 2013-DA-004273; 2013-DA-004319; 2013-DA-005516; 2013-DA-005518 |
| Staff Initials: TMK | | Bond Amount: | $80,000 |
| | | Grand Jury | January Term, 2013 |
| Witness Name: | | | 122ND District Court |

_____John Ellison_____
JUDGE

IN THE NAME AND BY AUTHORITY OF THE STATE OF TEXAS

THE GRAND JURORS for the County of Galveston, State aforesaid, duly organized as such at the January Term, A.D., 2013 upon their oaths in said Court present that MARCOS DANIEL JIMENEZ, on or about the 5th day of April, 2013 and anterior to the presentment of this indictment in the County of Galveston and State of Texas, did then and there, while in the course of committing theft of property and with intent to obtain or maintain control of said property, intentionally, knowingly, or recklessly cause bodily injury to Angela Mendoza by striking Angela Mendoza's face, and the defendant did then and there use or exhibit a deadly weapon, to-wit: a handgun.

<u>**ENHANCEMENT**</u>
And it is further presented in and to said Court that, prior to the commission of the aforesaid offense, on the 31st day of August, 2000, in cause number 0753366 in the Criminal District Court of Tarrant County #2 of Tarrant County, Texas, the defendant was convicted of the felony offense of aggravated robbery.

AGAINST THE PEACE AND DIGNITY OF THE STATE.

**BOND SET ON** ___6/7/13___

_____William C. Grant_____
Foreperson of the Grand Jury

13-CR-1517
DCINDICT
Indictment — OCA
650115

6

JOHN D. KINARD
CLERK DISTRICT COURT
FILED
1:08 pm
APR 29 2015
GALVESTON COUNTY, TEXAS
BY_____
DEPUTY

NO. 13CR1517

| | | |
|---|---|---|
| THE STATE OF TEXAS | § | IN THE DISTRICT COURT OF |
| VS. | § | GALVESTON COUNTY, TEXAS |
| MARCOS DANIEL JIMENEZ | § | 10TH JUDICIAL DISTRICT |

## CHARGE OF THE COURT

**LADIES AND GENTLEMEN OF THE JURY:**

The Defendant, MARCOS DANIEL JIMENEZ, stands charged by indictment with the offense of Aggravated Robbery alleged to have been committed on or about the 5th day of April, A.D., 2013, in Galveston County, Texas. The Defendant has pleaded not guilty.

A person commits the offense of robbery if, in the course of committing theft and with intent to obtain and maintain control of property of another, he intentionally, knowingly or recklessly causes bodily injury to another.

The offense is aggravated robbery if the person committing robbery uses or exhibits a deadly weapon.

"In the course of committing theft" means conduct that occurs in an attempt to commit, during the commission or in immediate flight after the attempt or commission of theft.

"Attempt" to commit an offense occurs if, with specific intent to commit an offense, a person does an act amounting to more than mere preparation that tends, but fails, to effect the commission of the offense intended.

"Bodily injury" means physical pain, illness, or any impairment of physical condition.

"Serious bodily injury" means bodily injury that creates a substantial risk of death or that

1

13-CR-1517
DCCHOC
Charge of the Court
1030005

causes death, serious permanent disfigurement, or protracted loss or impairment of the function of any bodily member or organ.

"Theft" as used herein is the unlawful appropriation of the corporeal personal property of another with the intent to deprive such person of said property.

"Appropriation" and "appropriate," as those terms are used herein, mean to acquire or otherwise exercise control over property other than real property. Appropriation of property is unlawful if it is without the owner's effective consent.

"Property" as used herein means tangible or intangible personal property or documents, including money that represents or embodies anything of value.

"Deprive" as used herein means to withhold property from the owner permanently.

"Effective consent" means assent in fact, whether express or apparent, and includes consent by a person legally authorized to act for the owner. Consent is not effective if induced by deception or coercion or force or threats.

"Owner" means a person who has title to the property, possession of the property, or a greater right to possession of the property than the person charged.

"Possession" means actual care, custody, control or management of property.

"Deadly weapon" means a firearm or anything manifestly designed, made, or adapted for the purpose of causing death or serious bodily injury, or anything that in the manner of its use or intended use is capable of causing death or serious bodily injury.

"Intoxication" means disturbance of mental or physical capacity resulting from the introduction of any substance into the body.

2

A person acts intentionally, or with intent, with respect to the nature of his conduct, or to a result of his conduct, when it is his conscious objective or desire to engage in the conduct or cause the result.

A person acts knowingly, or with knowledge, with respect to the nature of his conduct or to circumstances surrounding his conduct when he is aware of the nature of his conduct or that the circumstances exist. A person acts knowingly, or with knowledge, with respect to a result of his conduct when he is aware that his conduct is reasonably certain to cause the result.

A person acts recklessly, or reckless, with respect to circumstances surrounding his conduct or the result of this conduct when he is aware of but consciously disregards a substantial and unjustifiable risk that the circumstances exist or the result will occur. The risk must be of such a nature and degree that its disregard constitutes a gross deviation from the standard of care that an ordinary person would exercise under all the circumstances, as viewed from the actor's standpoint.

A person is criminally responsible as a party to an offense if the offense is committed by his own conduct, by the conduct of another for which he is criminally responsible, or by both.

Each party to an offense may be charged with the commission of the offense.

A person is criminally responsible for an offense committed by the conduct of another if, acting with intent to promote or assist the commission of the offense, he solicits or encourages or directs or aids or attempts to aid the other person to commit the offense. Mere presence alone will not constitute one a party to an offense.

Now, if you find from the evidence beyond a reasonable doubt that on or about the 5th day of April, A.D., 2013, in Galveston County, Texas, the Defendant, MARCOS DANIEL

JIMENEZ, either acting alone or as a party, as herein defined, with BRODERICK GRIMES and/or ANDREW MADRIA, while in the course of committing theft of property and with intent to obtain or maintain control of said property, intentionally, knowingly, or recklessly cause bodily injury to Angela Mendoza by striking Angela Mendoza's face, and the Defendant or BRODERICK GRIMES or ANDREW MADRIA did then and there use or exhibit a deadly weapon, to-wit: a handgun, then you will find the Defendant guilty of Aggravated Robbery as charged in the indictment.

Unless you so find from the evidence beyond a reasonable doubt, or if you have a reasonable doubt thereof, you will acquit the Defendant of Aggravated Robbery and go on to consider whether he is guilty of the lesser offense of Robbery.

Now, if you find from the evidence beyond a reasonable doubt that the Defendant, MARCOS DANIEL JIMENEZ, on or about the 5th day of April, A.D., 2013, in Galveston County and State of Texas, did then and there, acting alone or as a party as that term has been previously defined, while in the course of committing theft of property and with intent to obtain or maintain control of said property, intentionally or knowingly or recklessly cause bodily injury to Angela Mendoza by striking Angela Mendoza's face, then you will find the Defendant guilty of the lesser offense of Robbery

Unless you so find from the evidence beyond a reasonable doubt, or if you have a reasonable doubt thereof, you will acquit the Defendant of Robbery and go on to consider whether he is guilty of the lesser offense of Theft from a Person.

Now, if you find from the evidence beyond a reasonable doubt that the Defendant, MARCOS DANIEL JIMENEZ, on or about the 5th day of April, A.D., 2013, in Galveston

4

County and State of Texas, did then and there, acting alone or as a party as that term has been previously defined, unlawfully appropriate, by acquiring or otherwise exercising control over, property, to-wit: United State currency and/or telephone and/or tablet computer and/or motor vehicle, from the person of Angela Mendoza, the owner thereof, without the effective consent of the owner, and with intent to deprive the owner of the property, then you will find the Defendant guilty of the lesser offense of Theft from a Person.

If you believe that the defendant MARCOS DANIEL JIMENEZ, is guilty of an offense, Aggravated Robbery, Robbery, or Theft from a Person, but you have a reasonable doubt as to which offense the Defendant is guilty of, then you should resolve that doubt in Defendant's favor and find him guilty of the appropriate lesser offense.

If you have a reasonable doubt as to whether the Defendant is guilty of any offense, then you will acquit the Defendant and say by your verdict "Not Guilty".

You are instructed that unless you believe from the evidence beyond a reasonable doubt that the alleged confession or statement introduced into evidence was freely and voluntarily made by the defendant without compulsion or persuasion, or if you have a reasonable doubt thereof, you shall not consider such alleged statement or confession for any purpose nor any evidence obtained as a result thereof.

Our law provides that a Defendant may testify in his own behalf if he elects to do so. This, however, is a privilege accorded a Defendant, and in the event he elects not to testify, that fact cannot be taken as a circumstance against him. In this case, the defendant has elected not to testify, and you are instructed that you cannot and must not refer or allude to that fact throughout your deliberations or take it into consideration for any purpose whatsoever as a

circumstance against the Defendant.

You are instructed that if there is any testimony before you in this case regarding the Defendant's having committed offenses other than the offense alleged against him in the indictment in this case, you cannot consider said testimony for any purpose unless you find and believe beyond a reasonable doubt that the Defendant committed such other offenses, if any were committed, and even then you may only consider the same in determining the intent of the Defendant, if any, in connection with the offense, if any, alleged against him in the indictment in this case, and for no other purpose.

All persons are presumed to be innocent and no person may be convicted of an offense unless each element of the offense is proved beyond a reasonable doubt. The fact that a person has been arrested, confined, indicted for, or otherwise charged with, the offense gives rise to no inference of guilt at his trial. The law does not require a Defendant to prove his innocence or produce any evidence at all. The presumption of innocence alone is sufficient to acquit the Defendant, unless the jurors are satisfied beyond a reasonable doubt of the Defendant's guilt after careful and impartial consideration of all the evidence in the case.

The prosecution has the burden of proving the Defendant guilty and it must do so by proving each and every element of the offense charged beyond a reasonable doubt and if it fails to do so, you must acquit the Defendant.

In the event you have a reasonable doubt as to the Defendant's guilt after considering all the evidence before you and these instructions, you will acquit him and say by your verdict "Not Guilty".

Voluntary intoxication does not constitute a defense to the commission of a crime.

A Grand Jury indictment is the means whereby a Defendant is brought to trial in a felony prosecution. It is not evidence of guilt nor can it be considered by you in passing upon the question of guilt of the Defendant. The burden of proof in all criminal cases rests upon the State throughout the trial and never shifts to the Defendant.

During your deliberations in this case, you must not consider, discuss, or relate any matters not in evidence before you. You should not consider or mention any personal knowledge or information you may have about any fact or person connected with this case which is not shown by the evidence.

You have been permitted to take notes during the testimony in this case. In the event any of you took notes, you may rely on your notes during your deliberations. However, you may not share your notes with the other jurors and you should not permit the other jurors to share their notes with you. You may, however, discuss the contents of your notes with the other jurors. You shall not use your notes as authority to persuade your fellow jurors. In your deliberations, give no more and no less weight to the views of a fellow juror just because that juror did or did not take notes. Your notes are not official transcripts. They are personal memory aids, just like the notes of the judge and the notes of the lawyers. Notes are valuable as a stimulant to your memory. On the other hand, you might make an error in observing or you might make a mistake in recording what you have seen or heard. Therefore, you are not to use your notes as authority to persuade fellow jurors of what the evidence was during the trial.

Occasionally, during jury deliberations, a dispute arises as to the testimony presented. If this should occur in this case, you shall inform the Court and request that the Court read the portion of disputed testimony to you from the official transcript. You shall not rely on your notes to resolve the

7

dispute because those notes, if any, are not official transcripts. The dispute must be settled by the official transcript, for it is the official transcript, rather than any juror's notes, upon which you must base your determination of the facts and, ultimately, your verdict in this case.

After you have retired to your jury room, you should select one of your members as your Foreperson. It is his or her duty to preside at your deliberations, vote with you and, when you have unanimously agreed upon a verdict, to certify to your verdict by signing the same as Foreperson.

You are the exclusive judges of the facts proved, of the credibility of the witnesses, and of the weight to be given to the testimony, but you are bound to receive the law from the Court which is herein given to you and be governed thereby.

No one has any authority to communicate with you except the officer who has you in charge. After you have retired, you may communicate with this Court in writing through the officer who has you in charge. Do not attempt to talk to the officer who has you in charge, or the attorneys, or the court, or anyone else concerning any question you may have. After you have reached a unanimous verdict, the Foreperson will certify thereto by filling in the appropriate form attached to this charge and signing his or her name as Foreperson.

Suitable forms for your verdict are hereto attached; your verdict must be in writing and signed by your Foreperson. Your sole duty at this time is to determine the guilt or innocence of the Defendant under the indictment in this case; and restrict your deliberations solely to the issue of guilt or innocence of the Defendant.

_____
JUDGE PRESIDING

8

JOHN D. KINARD
CLERK DISTRICT COURT
FILED
3:58 pm

APR 2 9 2015

GALVESTON COUNTY, TEXAS
BY_____
                DEPUTY

NO. 13CR1517

| THE STATE OF TEXAS | § | IN THE DISTRICT COURT OF |
| | | |
| VS. | § | GALVESTON COUNTY, TEXAS |
| | | |
| MARCOS DANIEL JIMENEZ | § | 10TH JUDICIAL DISTRICT |

## VERDICT

We, the Jury, find the Defendant, MARCOS DANIEL JIMENEZ, guilty of the offense of Aggravated Robbery as alleged in the indictment.

_____
FOREPERSON OF THE JURY

We, the Jury, find the Defendant, MARCOS DANIEL JIMENEZ, guilty of the lesser-included offense of Robbery.

_____
FOREPERSON OF THE JURY

We, the Jury, find the Defendant, MARCOS DANIEL JIMENEZ, guilty of the lesser-included offense of Theft From a Person.

_____
FOREPERSON OF THE JURY

We, the Jury, find the Defendant, MARCOS DANIEL JIMENEZ, not guilty.

_____
FOREPERSON OF THE JURY

13-CR-1517
DCVER
Verdict
1030096

9

JOHN D. KINARD
CLERK DISTRICT COURT
FILED
11:12am
APR 3 0 2015
GALVESTON COUNTY, TEXAS
BY_____
DEPUTY

NO. 13CR1517

| THE STATE OF TEXAS | § | IN THE DISTRICT COURT OF |
| VS. | § | GALVESTON COUNTY, TEXAS |
| MARCOS DANIEL JIMENEZ | § | 10th JUDICIAL DISTRICT |

## CHARGE OF THE COURT ON PUNISHMENT

**LADIES AND GENTLEMEN OF THE JURY:**

You have found the Defendant, MARCOS DANIEL JIMENEZ, guilty in this case of the offense of Aggravated Robbery as alleged in the indictment. It is now your duty to assess his punishment for this offense.

The enhancement paragraph of the indictment further alleges that the Defendant, prior to the commission of the primary offense was previously convicted on the 31st day of August, 2000, in cause number 0753366 in the Criminal District Court Number Two of Tarrant County, Texas, the defendant was convicted of the felony offense of Aggravated Robbery.

The Defendant has entered a plea of "Not True" to this allegation.

You are instructed if you find beyond a reasonable doubt that the allegations of the Enhancement Paragraph One are "True," you will assess the punishment of the Defendant at confinement in the Institutional Division Texas Department of Criminal Justice for a period of not less than fifteen (15) years nor more than ninety-nine (99) years or life, and in addition you may assess a fine not to exceed ten thousand dollars ($10,000.00). Therefore, you will assess the punishment, upon said finding of guilty, at any term of years not less than fifteen (15) years nor more than ninety-nine (99) years or life, and a fine not to exceed ten thousand dollars

13-CR-1517
DCCHOCP
Charge of the Court on Punishment
1030008

1

($10,000.00) and so state in your verdict.

If you find the allegations in the enhancement "Not True", you are therefore instructed to assess punishment at confinement in the Institutional Division of the Texas Department of Criminal Justice for a period of not less than five (5) years nor more than ninety-nine (99) years or life, and in addition you may assess a fine not to exceed ten thousand dollars ($10,000.00). Therefore, you will assess the punishment, upon said finding of guilty, at any term of years not less than five (5) years nor more than ninety-nine (99) years or life, and a fine not to exceed ten thousand dollars ($10,000.00) and so state in your verdict.

The prosecution has the burden of proving a "True" answer to the Enhancement Paragraph One of the indictment and it must do so by proving the allegations beyond a reasonable doubt, and if it fails to do so, you must answer "Not True."

It is not required that the prosecution prove a "True" answer to the Enhancement Paragraph One beyond all possible doubt; it is required that the prosecution's proof excludes all reasonable doubt concerning a "True" answer.

In the event you have a reasonable doubt as to a "True" answer to the allegations of the Enhancement Paragraph One of the indictment after considering all the evidence before you, and these instructions, you will answer "Not True" to the Enhancement Paragraph One.

You are instructed that in determining the Defendant's punishment, which you will show in your verdict, you may take into consideration all the facts shown by the evidence admitted before you in the full trial of this case and law as submitted to you in these instructions.

In arriving at the amount of punishment it will not be proper for you to fix the same by lot, chance or any other method than by a full, fair and free exercise of the opinions of the individual jurors.

Under the law applicable in this case, the Defendant, if sentenced to a term of imprisonment, may earn time off the period of incarceration imposed through the award of good conduct time. Prison authorities may award good conduct time to a prisoner who exhibits good behavior, diligence in carrying out prison work assignments, and attempts at rehabilitation. If a prisoner engages in misconduct, prison authorities may also take away all or part of any good conduct time earned by the prisoner.

It is also possible that the length of time for which the Defendant will be imprisoned might be reduced by the award of parole.

Under the law applicable in this case, if the Defendant is sentenced to a term of imprisonment, he will not become eligible for parole until the actual time served equals one-half of the sentence imposed, or thirty years, whichever is less, without any consideration of any good conduct time he may earn. If the Defendant is sentenced to a term of less than four years, he must serve at least two years before he is eligible for parole. Eligibility for parole does not guarantee that parole will be granted.

It cannot accurately be predicted how the parole law and good conduct time might be applied to this Defendant if he is sentenced to a term of imprisonment, because the application of these laws will depend on decisions made by prison and parole authorities.

You may consider the existence of the parole law and good conduct time. However, you are not to consider the extent to which good conduct time may be awarded to or forfeited by this

3

particular Defendant. You are not to consider the manner in which the parole law may be applied to this particular Defendant.

The State has introduced evidence of extraneous crimes or bad acts other than the one charged in the indictment in this case. This evidence was admitted only for the purpose of assisting you, if it does, in determining the proper punishment for the offense for which you have found the defendant guilty. You cannot consider the testimony for any purpose unless you find and believe beyond a reasonable doubt that the defendant committed such other acts, if any were committed.

Our law provides that a Defendant may testify in his own behalf if he elects to do so. This, however, is a privilege accorded a Defendant, and in the event he elects not to testify, that fact cannot be taken as a circumstance against him. In this case, the Defendant has elected not to testify, and you are instructed that you cannot and must not refer or allude to that fact throughout your deliberations or take it into consideration for any purpose whatsoever as a circumstance against the Defendant.

You are the exclusive judges of the facts proved, of the credibility of the witnesses, and of the weight to be given to the testimony, but you are bound to receive the law from the Court which is herein given to you and be governed thereby.

It is your Foreperson's duty to preside at your deliberations, vote with you, and when you have unanimously agreed upon a verdict, to certify to your verdict by using the appropriate form attached hereto, and signing the same as Foreperson.

No one has any authority to communicate with you except the officer who has you in charge. During your deliberations in this case, you must not consider, discuss, nor relate any matters not in evidence before you. You should not consider, nor mention any personal

4

knowledge or information you may have about any fact or person connected with this case which is not shown by the evidence.

After you have retired, you may communicate with this Court in writing through the officer who has you in his charge. Do not attempt to talk to the officer who has you in his charge, or the attorneys, or the Court, or anyone else concerning any question you may have.

After you have reached a unanimous verdict on the punishment, the Foreperson will certify thereto by filling in the appropriate forms attached to this charge and signing his/her name as Foreperson.

JUDGE PRESIDING

5

## NO. 13CR1517

| | | |
|---|---|---|
| THE STATE OF TEXAS | § | IN THE DISTRICT COURT OF |
| VS. | § | GALVESTON COUNTY, TEXAS |
| MARCOS DANIEL JIMENEZ | § | 10TH JUDICIAL DISTRICT |

## <u>VERDICT</u>

We, the Jury, find that the allegation in the Enhancement paragraph of this indictment is **TRUE**, and assess the Defendant's punishment at confinement in the Institutional Division of the Texas Department of Criminal Justice for _____ 25 _____ years, and in addition thereto a fine of $ ___ 4,000 ___ , if any.

_____
FOREPERSON OF THE JURY

We, the Jury, find that the allegation in the Enhancement paragraph of this indictment is **NOT TRUE**, and assess the Defendant's punishment at confinement in the Institutional Division of the Texas Department of Criminal Justice for _____ years, and in addition thereto a fine of $ _____ , if any.

_____
FOREPERSON OF THE JURY

6



13-CR-1517
DCVER
Verdict
1030009



Art. 42.12
Sec. 3g Applies



CASE NO. 13CR1517          COUNT
INCIDENT NO./TRN: 9216394919 D001  3:27

| | | |
|---|---|---|
| THE STATE OF TEXAS | § | IN THE 10TH JUDICIAL |
| | § | |
| V. | § | DISTRICT COURT OF |
| | § | |
| MARCOS DANIEL JIMENEZ | § | GALVESTON COUNTY, TEXAS |
| STATE ID NO.: TX06291360 | § | |

## JUDGMENT OF CONVICTION BY JURY

| | | |
|---|---|---|
| Judge Presiding: | HON. Kerry L. Neves | Date Judgment Entered: APRIL 30, 2015 |
| Attorney for State: | **GINA GILMORE & RICHARD HAYES, II** | Attorney for Defendant: **MARK MCINTYRE** |

Offense for which Defendant Convicted:

**AGGRAVATED ROBBERY WITH ENHANCEMENT**

| Charging Instrument: | Statute for Offense: |
|---|---|
| **INDICTMENT** | **29.03 Penal Code** |

Date of Offense:

APRIL 5, 2013

| Degree of Offense: | Plea to Offense: |
|---|---|
| **1ST DEGREE FELONY HABITUAL AS ENHANCED** | **NOT GUILTY** |

| Verdict of JURY: | Findings on Deadly Weapon: |
|---|---|
| **GUILTY** | **N/A** |

| Plea to 1st Enhancement Paragraph: | **NOT TRUE** | Plea to 2nd Enhancement/Habitual Paragraph: | **N/A** |
|---|---|---|---|
| Findings on 1st Enhancement Paragraph: | **TRUE** | Findings on 2nd Enhancement/Habitual Paragraph: | **N/A** |

| Punishment Assessed by: | Date Sentence Imposed: | Date Sentence to Commence: |
|---|---|---|
| **JURY** | APRIL 30, 2015 | APRIL 30, 2015 |

| Punishment and Place of Confinement: | **TWENTY-FIVE (25) YEARS INSTITUTIONAL DIVISION, TDCJ** |
|---|---|

**THIS SENTENCE SHALL RUN CONCURRENTLY.**

☐ SENTENCE OF CONFINEMENT SUSPENDED, DEFENDANT PLACED ON COMMUNITY SUPERVISION FOR N/A .

| Fine: | Court Costs: | Attorney Fees: |
|---|---|---|
| $ 4,000.00 | $ 331.00 | $ |

| Restitution: | Restitution Payable to: |
|---|---|
| $ N/A | ☐ VICTIM (see below)  ☐ AGENCY/AGENT (see below) |

**Sex Offender Registration Requirements do not apply to the Defendant.** TEX. CODE CRIM. PROC. chapter 62

The age of the victim at the time of the offense was **N/A** .

13-CR-1517
DCJUDG
Judgment
1030160



| If Defendant is to serve sentence in TDCJ, enter incarceration periods in chronological order. | | |
|---|---|---|
| From 04/30/13 to 04/30/15    From ____ to ____    From ____ to ____ | | |

Time Credited:

From ____ to ____    From ____ to ____    From ____ to ____

If Defendant is to serve sentence in county jail or is given credit toward fine and costs, enter days credited below.

**N/A DAYS    NOTES: TOWARD INCARCERATION**

**All pertinent information, names and assessments indicated above are incorporated into the language of the judgment below by reference.**

This cause was called for trial in **Galveston County, Texas**. The State appeared by her Criminal District Attorney.

### Counsel / Waiver of Counsel (select one)

☒ Defendant appeared in person with Counsel.

☐ Defendant knowingly, intelligently, and voluntarily waived the right to representation by counsel in writing in open court.

It appeared to the Court that Defendant was mentally competent and had pleaded as shown above to the charging instrument. Both parties announced ready for trial. A jury was selected, impaneled, and sworn. The INDICTMENT was read to the jury, and Defendant entered a plea to the charged offense. The Court received the plea and entered it of record.

The jury heard the evidence submitted and argument of counsel. The Court charged the jury as to its duty to determine the guilt or innocence of Defendant, and the jury retired to consider the evidence. Upon returning to open court, the jury delivered its verdict in the presence of Defendant and defense counsel, if any.

The Court received the verdict and **ORDERED** it entered upon the minutes of the Court.

### Punishment Assessed by Jury / Court / No election (select one)

☒ **Jury.** Defendant entered a plea and filed a written election to have the jury assess punishment. The jury heard evidence relative to the question of punishment. The Court charged the jury and it retired to consider the question of punishment. After due deliberation, the jury was brought into Court, and, in open court, it returned its verdict as indicated above.

☐ **Court.** Defendant elected to have the Court assess punishment. After hearing evidence relative to the question of punishment, the Court assessed Defendant's punishment as indicated above.

☐ **No Election.** Defendant did not file a written election as to whether the judge or jury should assess punishment. After hearing evidence relative to the question of punishment, the Court assessed Defendant's punishment as indicated above.

The Court **FINDS** Defendant committed the above offense and **ORDERS, ADJUDGES AND DECREES** that Defendant is **GUILTY** of the above offense. The Court **FINDS** the Pres-Sentence Investigation, if so ordered, was done according to the applicable provisions of *TEX. CODE CRIM. PROC. art. 42.12 § 9.*

The Court **ORDERS** Defendant punished as indicated above. The Court **ORDERS** Defendant to pay all fines, court costs, and restitution as indicated above.

### Punishment Options (select one)

☒ **Confinement in State Jail or Institutional Division.** The Court **ORDERS** the authorized agent of the State of Texas or the Sheriff of this County to take, safely convey, and deliver Defendant to the **Director, Institutional Division, TDCJ.** The Court **ORDERS** Defendant to be confined for the period and in the manner indicated above. The Court **ORDERS** Defendant remanded to the custody of the Sheriff of this County until the Sheriff can obey the directions of this sentence. The Court **ORDERS** that upon release from confinement, Defendant proceed immediately to the **Galveston County and Pre-Trial Services.** Once there, the Court **ORDERS** Defendant to pay, or make arrangements to pay, any remaining unpaid fines, court costs, and restitution as ordered by the Court above.

☐ **County Jail—Confinement / Confinement in Lieu of Payment.** The Court **ORDERS** Defendant immediately committed to the custody of the Sheriff of Galveston County, Texas on the date the sentence is to commence. Defendant shall be confined in the **Galveston County Jail** for the period indicated above. The Court **ORDERS** that upon release from confinement, Defendant shall proceed immediately to the **Galveston County and Pre-Trial Services.** Once there, the Court **ORDERS** Defendant to pay, or make arrangements to pay, any remaining unpaid fines, court costs, and restitution as ordered by the Court above.

☐ **Fine Only Payment.** The punishment assessed against Defendant is for a **FINE ONLY.** The Court **ORDERS** Defendant to proceed immediately to the Office of the Galveston County **Galveston County and Pre-Trial Services.** Once there, the Court **ORDERS** Defendant to pay or make arrangements to pay all fines and court costs as ordered by the Court in this cause.

### Execution / Suspension of Sentence (select one)

☒ The Court **ORDERS** Defendant's sentence **EXECUTED.**

☐ The Court **ORDERS** Defendant's sentence of confinement **SUSPENDED.** The Court **ORDERS** Defendant placed on community supervision for the adjudged period (above) so long as Defendant abides by and does not violate the terms and conditions of community supervision. The order setting forth the terms and conditions of community supervision is incorporated into this judgment by reference.

The Court **ORDERS** that Defendant is given credit noted above on this sentence for the time spent incarcerated.

**Attachment "A" is attached hereto and incorporated herein for all purposes.**

**Furthermore, the following special findings or orders apply:**

Signed and Entered on this the 30TH day of April, A.D., 2015.

JUDGE PRESIDING
10TH JUDICIAL DISTRICT COURT
GALVESTON COUNTY, TEXAS

A copy furnished to the above named Defendant and noted in the Docket on this the 30TH day of April, A.D., 2015.

**JOHN D. KINARD, DISTRICT CLERK,**
**GALVESTON COUNTY, TEXAS**

BY: _____, DEPUTY
CLERK 10TH JUDICIAL DISTRICT COURT
GALVESTON COUNTY, TEXAS

```
*************************
*                       *
*                       *
*                       *
*                       *
*                       *
*                       *
*                       *
*                       *
*                       *
*                       *
*                       *
*************************
```
DEFENDANT'S RIGHT THUMBPRINT

<u>ATTACHMENT A</u>

STATE OF TEXAS

VS.

<u>MARCOS DANIEL JIMENEZ</u>                    CAUSE NO. <u>13CR1517</u>

( )     Pursuant to the Texas Code of Criminal Procedure, the Court finds that the victim(s) of this crime is (are) owed restitution. Such restitution shall be ordered as a condition of parole.

VICTIM: _____

ADDRESS: _____

_____

AMOUNT: $ _____

( )     Pursuant to Article 42.18 8(g), of the Texas Code of Criminal Procedure the Defendant is ordered to pay to the Department of Court Services, 600 59th Street Ste. 1500, Galveston, Texas, 77551, $ _____ as reimbursement for court appointed attorney fees. Such fees shall be ordered as a condition of parole.

( X )   Pursuant to Article 42.18 8(g) and Article 102.0178, of the Texas Code of Criminal Procedure the Defendant is ordered to pay to the Department of Court Services, 600 59th Street Ste. 1500, Galveston, Texas, 77551, $ 331.00 for Court Costs. Such costs shall be ordered as a condition of parole.

( X )   Pursuant to Article 42.18 8(g), of the Texas Code of Criminal Procedure the Defendant is ordered to pay to the Department of Court Services, 600 59th Street Ste. 1500, Galveston, Texas, 77551, $ 4,000.00 as a fine. Such fine shall be ordered as a condition of parole.

( X )   Pay to the Department of Court Services, 600 59th Street Ste. 1500, Galveston, Texas, 77551, $ 25.00 as a Crime Stoppers Program payment. Such payment shall be ordered as a condition of parole.

( )     Pursuant to Article 42.18 8(g), of the Texas Code of Criminal Procedure the Defendant is ordered to pay to the Department of Court Services, 600 59th Street Ste. 1500, Galveston, Texas, 77551, $ _____ to reimburse the County for extradition costs. Such costs shall be ordered as a condition of parole.

( )     _____ and successfully complete a program designed to rehabilitate persons who have the hangup of drug abuse pursuant to V.T.C.A. Transportation Code, Section 521.374.

( )     The Defendant's driver's license will be suspended for 180 days and continue for an indefinite period up and until the Defendant completes the required rehabilitation program pursuant to V.T.C.A. Transportation Code, Section 521.372.

( )     The Defendant's driver's license will be suspended for one (1) year.

| THE STATE OF TEXAS | § | IN THE DISTRICT COURT OF |
| vs. | § | GALVESTON COUNTY, TEXAS |
| MARCOS DANIEL JIMENEZ | § | 10TH JUDICIAL DISTRICT |

2015 APR 30 PM 3: 28

## TRIAL COURT'S CERTIFICATION OF DEFENDANT'S RIGHT OF APPEAL

I, Judge of the trial court, certify this criminal case:

[X] is not a plea-bargain case, and the defendant has the right of appeal. [or]

[ ] is a plea-bargain case, but matters were raised by written motion filed and ruled on before trial and not withdrawn or waived, and the defendant has the right of appeal. [or]

[ ] is a plea-bargain case, but the trial court has given permission to appeal, and the defendant has the right of appeal. [or]

[ ] is a plea-bargain case, and the defendant has NO right of appeal. [or]

[ ] the defendant has waived the right of appeal.

_____
Judge

_4-30-15_
Date Signed

I have received a copy of this Certification. I have also been informed of my rights concerning any appeal of this criminal case, including any right to file a *pro se* petition for discretionary review pursuant to Rule 68 of the Texas Rules of Appellate Procedure. I have been admonished that my attorney must mail a copy of the court of appeal's judgment and opinion to my last known address and that I have only thirty (30) days in which to file a *pro se* petition for discretionary review in the court of criminal appeals. TEX. R. APP.P. 68.2. I acknowledge that, if I wish to appeal this case and if I am entitled to do so, it is my duty to inform my appellate attorney, by written communication, of any change in the address at which I am currently living or any change in my current prison unit. I understand that, because of appellate deadlines, if I fail to timely inform my appellate attorney of any change in my address, I may lose the opportunity to file a *pro se* petition for discretionary review.

_____
Defendant

_____
Defendant's Counsel

State Bar No. _13685700_

Mailing Address: _____

_____

Telephone Number: ( )_____

Fax Number (if any): ( )_____

Mailing Address: _2127 Broadway St_
_Galveston, TX 77550_

Telephone Number: _409 763 2454_

Fax Number (if any) _409 763 4309_

13-CR-1517
DCTRC
Trial Court's Certification and Defendant's Righ
1030161



Effective October 18, 2011

120

CAUSE NUMBER 13CR1517 3:28

THE STATE OF TEXAS

IN THE DISTRICT COURT OF

VS.

GALVESTON, COUNTY, TEXAS

Marcos Daniel Jimenez

10th JUDICIAL DISTRICT

## NOTICE OF APPEAL

On this **30th** day of **April**, **2015** the Defendant individually ~~or by Attorney~~, in the above styled and numbered cause by written notice hereby excepts to Judgment/Sentence or appealable order. Defendant hereby gives Notice of Appeal to be filed in the Court of Appeals, 1st or 14th Supreme Judicial District:

*Notice to the 14th Court of Appeals*

_____

Defendant

Or

Attorney
State BarNo. _____

## The Following to be Completed by Clerk:

Date of Judgment or other Order Appealed from: **April 30, 2015**
Name of Trial Court Judge: **Kerry Neves**
Name of Court Reporter: **Gail Plufka**
Name of Attorney on Appeal: _____ Bar No. _____
Address: _____
Telephone No. _____ Fax No. _____
Name of State's Attorney on Appeal : Jack Roady, Bar No. 24027780 Galveston County Criminal District Attorney, Galveston County Courthouse, 600 59TH Street, Galveston, Texas 77551 Phone No. (409) 766-2355 Fax No. (409) 766-2290
Defendant Incarcerated? Yes ✓ No
Offense Convicted of: **Aggravated Robbery with Enhancement**
Punishment Assessed: **Thirty-Five (35) years TDCJ**
Who Assessed Punishment? Trial Court _____ Jury ✓
Appeals Consolidated under this Cause No: _____
Companion Case, if Applicable: _____
Defendant on Appeal Bond? Yes_____ No ✓

13-CR-1517
DCAF
Appeal - Notice
1030163